BC DD
FILED
1/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISSA GIRARD,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE ROSSANA P. FERNANDEZ,<br>JUDGE REGINA A. SCANNICCHIO,<br>JUDGE GREGORY E. AHERN,,<br>ELENA S. DEMOS JD,<br>VINCENT D. WALLER JD,<br>ADAM P. MONREAL ESQ, and<br>EBONY CHEERS,<br><br>    Defendants. | Civil Action No. 1:25-cv-00136<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Maria Valdez<br><br><u>Emergency Motion for Ex Parte</u><br><u>Temporary Restraining Order</u> |

Plaintiff MARISSA GIRARD, in pro se, for her Emergency Motion for Ex Parte Temporary Restraining Order states as follows:

Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an ex parte temporary restraining order where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Such a scenario has presented, and Plaintiff hereby seeks the Court's help as a result.

**THE NATURE OF THE EMERGENCY**

As outlined in the pleading hereunder, Defendants have denied Plaintiff access to a court date on October 18 2024 under *Kenton Girard v. Jane F. Girard*, Cook County Case No. 2015-D-009633 ("Custody Proceedings"). To wit, Plaintiff was in the Zoom "waiting room" for the courtroom assigned for that court date and she was actively denied access to the court proceedings. Like all of the previous court dates under the Custody Proceedings, the court date

on October 18 2024 was open to the public and numerous other parties and attorneys were also participating via Zoom, waiting their turn to be heard by the court.Dkt[1] at ¶ 55.

Literally while the courtroom coordinator Ebony Cheers was actively suppressing Plaintiff's egress from the Zoom "waiting room" into the legal proceeding, Judge Fernandez granted Plaintiff's petition for substitution of judge. However, upon subsequent goading by opposing counsel Enrico Mirabelli, she changed the status of her ruling on Plaintiff's petition from "granted" to "stricken" after she had divested herself of jurisdiction. Dkt[1] at ¶ 101.

As a result, the Judicial Defendants are amenable to suit hereunder for violating Plaintiff's well established right under the First Amendment[1] to access public court proceedings. Dkt[1] at ¶¶ 57-58, 61, 75, 77, 98, 101-103, 163.

There is another court date set for January 9 2025[2], under which Defendant Ahern – an obviously compromised judge[3] who has no business on the judicial bench in Cook County, much less anywhere – has been hand-picked by Defendant Scannicchio to preside over a hearing on whether to remove Judge Fernandez for cause. Notwithstanding that (a) Judge Fernandez should be long gone from the Custody Proceedings, and (b) Plaintiff has timely filed an appeal of her denial of ADA accommodation with Defendant Vincent D. Waller thereby effecting a stay of the Custody Proceedings until such appeal is resolved, Plaintiff has been specifically instructed by

---

[1] Of course, Defendants are also liable under Title II of the Americans with Disabilities Act ("ADA") for deliberately refusing to allow Plaintiff the capability of attending court via Zoom, which is an absolute necessity given her serious disabilities PTSD and interstitial cystitis, which are qualified disabilities, and based upon the detailed exposition under the pleading.

[2] Incidentally, the petitioner under the Custody Proceedings – who has emplaced the instant petition to remove Judge Fernandez for cause – requires a new court date because he will be attending the funeral services for Former President Jimmy Carter in Washington DC. Although the Cook County Court System has not made a public pronouncement about court closure, it is a fact that the federal district courts are closed throughout our land on January 9 2025 in honor of Former President Jimmy Carter.

[3] As recounted under the pleading, Defendant Ahern has been previously removed from the bench for exhibiting impermissible bias and racism, and upon information and belief he is involved with reputed Chicago Outfit member John M. D'Arco Esq who is responsible for the delivery of $25,000 in undeclared bribes to Defendant Ahern every month, in exchange for favorable rulings for D'Arco's clientele who appear in Defendant Ahern's courtroom. Dkt[1] at ¶¶ 10-19.

the Defendants that she will not be allowed to participate in the upcoming court date via Zoom.

The question of Defendant Fernandez's continued involvement in the Custody Proceedings is a material one moreover. Should she stay on, such a scenario would portend more constitutional right deprivations under the First Amendment to come. This is an absolutely intolerable situation. The Cook County Domestic Relations Division under the corrupt leadership of Defendant Scannicchio – who is also reputed to be "owned" by reputed Chicago Outfit member John M. D'Arco Esq and his law firm Beermann LLP – has created exceptional and egregious circumstances which create a siren call for this Court's protection.

The Supreme Court has taken care to ensure that the doors to federal courts remain open when there are powerful reasons to believe that state courts will not protect federal constitutional rights. For example, in *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed. 2d (1965), African-American plaintiffs sued in federal court to block state prosecutions in a sta court system that were chilling protected First Amendment expression, and there was reason to question the good faith of the state. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 680 n.5 (7th Cir. 2010)

As aforedescribed, there are powerful reasons to believe that the Cook County Domestic Relations Division will continue to vexatiously disregard Plaintiff's First Amendment Rights.

### LEGAL STANDARD

Courts throughout the United States have long held that even brief violations of constitutionally protected rights constitutes irreparable harm for which no payment of money damages can rectify the situation. "**When constitutional rights are threatened or impaired, irreparable injury is presumed.**" *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); see also *Ohio State*

*Conference of N.A.A.C.P. v. Husted,* 768 F.3d 524, 560 (6th Cir. 2014) (same). District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1(N.D. Ill. May 15, 2001).

Here, the balance of hardships prong test enshrined under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) tips sharply in favor of granting the temporary restraining order because Plaintiff's First Amendment rights are in the cross hairs. The protection of constitutional rights is "a purpose that is always in the public interest" *Dodds v. U.S. Dept. of Educ.*, 845 F. 3d 217, 222 (6th Cir. 2016).

Finally, a district court is not required to impose a bond. *Rathmann Group v. Tanenbaum*, 889 F.2d 787 (8th Cir. 1989) Courts have concluded that a bond is not required to obtain preliminary injunctive relief when a plaintiff is seeking to prevent a state actor from violating the constitutionally protected rights. See e.g. *Bukaka, Inc. v. County of Benton*, 852 F. Supp. 807, 813 (D. Minn. 1993).

Plaintiff therefore respectfully requests that this Court grant her Emergency Motion for an Ex Parte TRO and sign the prepared TRO referenced in **Exhibit 1** and filed in the docket in a standalone document.

Dated: January 6, 2025                                    Respectfully Submitted,

MARISSA GIRARD, *In Pro Se*

/s/ Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
Email: marissadakis@gmail.com
Tel: 773-425-4393

# EXHIBIT 1

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARISSA GIRARD,<br><br>   Plaintiff,<br><br>   v.<br><br>JUDGE ROSSANA P. FERNANDEZ,<br>JUDGE REGINA A. SCANNICCHIO,<br>JUDGE GREGORY E. AHERN,<br>ELENA S. DEMOS JD,<br>VINCENT D. WALLER JD,<br>ADAM P. MONREAL ESQ, and<br>EBONY CHEERS,<br><br>   Defendants. | Civil Action No. 1:25-cv-00136<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Maria Valdez<br><br><u>Emergency Motion for Ex Parte</u><br><u>Temporary Restraining Order</u> |

## TEMPORARY RESTRAINING ORDER

1. All proceedings, hearings and court dates under Cook County Case No. 2015-D-009633 shall be stayed pending the determination by this Court of reasonable accommodations as to Plaintiff pursuant to the Americans with Disabilities Act.

IT IS SO ORDERED.             DATED:

_____    _____
UNITED STATES DISTRICT JUDGE