**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARISSA GIRARD,<br><br>Plaintiff,<br>vs.<br><br>JUDGE ROSSANA P. FERNANDEZ, et al.,<br><br>Defendants. | No. 2025-CV-00136<br><br>Hon. Andrea R. Wood<br>Judge Presiding |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and (b)(6)**

NOW COME Defendants, ELENA S. DEMOS, VINCENT D. WALLER, and EBONY CHEERS, by and through their attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through her assistant, Silvia Mercado Masters, and pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), now move to dismiss Plaintiff's Complaint ("Complaint").

## INTRODUCTION

Plaintiff brings this action against three sitting Judges of the Circuit Court of Cook County and employees of the Chief Judge's Office, all in their personal and individual capacities, alleging violations of her rights under the First Amendment, the Americans with Disabilities Act, and Rehabilitation Act and seeking declaratory and injunctive relief, and damages. Because this Court lacks subject matter jurisdiction to hear this case and Plaintiff fails to state a claim against Defendants, Plaintiff's Complaint cannot stand.

## RELEVANT FACTS

Plaintiff Marissa Girard is a third-party respondent in custody proceedings involving her husband and his ex-wife, pending in the Circuit Court of Cook County, Illinois. Complaint, at 1. Plaintiff alleges she suffers from interstitial cystitis and Post-Traumatic Stress Disorder (PTSD)

which she claims are both qualifying disabilities of the Americans with Disabilities Act (ADA). Complaint, at ¶51.

While it is alluded to in the Complaint but not directly referenced, on September 5, 2024, Judge Fernandez entered a Case Management Order setting the matter for hearing on settlement to October 18, 2024, and requiring that all parties be present. *See* Exhibit A, Order dated September 5, 2024, and Complaint, at ¶¶113-114, 121. On September 12, 2024, Plaintiff contacted defendant Elena Demos, Court Disability Coordinator (CDC), to request that she be permitted to attend the October 18 hearing via Zoom. *Id.* at ¶121. According to Plaintiff, in an email dated October 4, 2024, Ms. Demos advised her that she communicated Plaintiff's request to the judge and that "there are a number of important reasons why the judge has scheduled these court dates in-person." *Id.* at ¶123. On October 10, 2024, Ms. Demos allegedly advised Plaintiff that the court proceeding is to be held in person because Zoom attendance was very chaotic. *Id.* at ¶125. According to Plaintiff, she was barred from entering into Zoom at the time of the October 18, 2024 hearing and it proceeded in her absence. *Id.* at ¶57.

Defendants Demos, Waller, and Cheers are named in Count III, violation of Title II of the ADA; Count IV, violation of the Rehabilitation Act; Count V, Negligence; Count VI, declaratory relief; and Count VII, injunctive relief. Plaintiff also seeks compensatory damages. Complaint, Prayer for Relief.

## STANDARD OF REVIEW

Defendants may raise lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). Lower federal courts lack subject matter jurisdiction to review state court decisions, only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake County Bd. Of Comm'rs*, 408 F. 3d 335, 336 (7th Cir. 2005), *citing Rooker v. Fid. Trust Co.*,

263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The so-called *Rooker-Feldman* doctrine applies when a party loses in state court and then, complaining of injury, asks a lower federal court to review and reject the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–85 (2005). The doctrine bars a claim which was actually raised before the state court as well as claims which are "inextricably intertwined with state court determinations." *Kelley v. Med-1 Solutions, LLC*, 548 F. 3d 600, 603 (7th Cir. 2008).

A Complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, although complaints need not allege factual details or legal arguments, "litigants may plead themselves out of court by alleging facts that defeat recovery" or by alleging facts showing there is no viable claim. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). While the Court accepts well-plead factual allegations as true and draws all inferences in favor of the nonmoving party, *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims.

Plaintiff does not claim that the Circuit Court of Cook County lacks the capability to conduct remote court proceedings via Zoom, or that Zoom proceedings are inaccessible to persons with disabilities. Instead, Plaintiff seeks to invalidate the September 5, 2024 court order entered in Case No. 2015D9633 requiring that the October 18, 2024 hearing was to be conducted in-person, rather than via Zoom, and to recover damages based on the alleged unlawfulness of that Order. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

This court may consider documents outside the four corners of the Complaint without converting a motion to dismiss into a motion for summary judgment. Documents which the plaintiff references but does not attach to her complaint, and which are central to her claim are considered part of her complaint. *Venture Associates v. Zenith Data Systems*, 978 F. 2d 429, 432 (7th Cir. 1993). Courts may take judicial notice of court filings and orders without converting a motion to dismiss to a motion for summary judgment. *G.E. Capitol Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1081 (7th Cir. 1997). As such, this court can take judicial notice of the Order dated September 5, 2024, attached here as Exhibit A.

Plaintiff challenges the entry of a court order requiring in-person proceedings under the guise that it violates her rights under the ADA and Rehabilitation Act. However, at bottom, Plaintiff is asking this federal court to void a court order of a state court judge and direct a state court judge to hear matters via Zoom rather than in-person, after that judge has already made the determination that in-person proceedings are preferred. This is precisely what the *Rooker-Feldman* doctrine forbids. As an initial inquiry, this court must determine whether Plaintiff seeks to set aside a state court judgment or whether she is presenting an independent claim. To determine

this, the court asks whether the federal claims either directly challenge a state court judgment or are "inextricably intertwined" with one. *See Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390-91 (7th Cir. 2019) *citing Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). In *Swartz*, plaintiff's conspiracy claim was found to be inextricably intertwined with the state court finding of probable cause and order to seize animals, as the court held: "[w]hen a state court judgment is the cause of a plaintiff's injury, *Rooker-Feldman* bars federal review." *Swartz*, 940 F.3d at 391.

The Seventh Circuit's holding in *Sykes v. Cook Cnty. Circuit Court Probate Div*., 837 F.3d 736 (7th Cir. 2016), is instructive here. Plaintiff Sykes alleged that a probate judge's order barring her from bringing her service animal into court violated her rights under the ADA. The district court dismissed the action pursuant to the *Rooker-Feldman* doctrine, as plaintiff's claim was inextricably intertwined with the state court order banning the service animal from court. *Id.* at 739. On appeal, plaintiff argued that it was the judge's wrongful conduct that gave rise to her claim, and not the order itself, but the court found the two cannot be separated. When "the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court. *Rooker-Feldman* does not permit such an outcome." *Id.* at 743. Here, Plaintiff's claims are nearly identical to those in *Sykes* and rise directly from the Order entered by Judge Fernandez. Indeed, her ADA and Rehabilitation Act claims are inextricably intertwined therewith. Plaintiff makes no claims regarding Circuit Court of Cook County Zoom proceedings generally; her claims arise only from the fact that Judge Fernandez blocked her ability to be present via Zoom in the custody proceeding through a court order. Since Plaintiff's claims are inextricably intertwined to a state court order, they cannot proceed in federal court; therefore, her Complaint must be dismissed with prejudice.

## II. There Is No Individual Liability Under Title II of the ADA or the Rehabilitation Act.

Defendants Elena Demos, Vincent Waller, and Ebony Cheers are private citizens each being sued in their individual and personal capacity. Complaint, at ¶¶29, 30, 32. However, there is no individual liability available under the ADA; "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000). Likewise, the Rehabilitation Act does not provide for individual liability as it is nearly identical to the ADA. *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015) (upholding district court's dismissal of defendants sued in their individual capacity). Since Plaintiff's claims relating to the ADA and Rehabilitation Act fail to state a claim against defendants Demos, Waller, and Cheers, dismissal is appropriate.

## III. Plaintiff Fails to State Viable Claims Against These Defendants.

Even if Plaintiff's ADA and Rehabilitation Act claims could proceed against these Defendants, Plaintiff fails to allege sufficient facts to make it plausible that defendants Demos, Waller, and Cheers violated her rights in any way. Plaintiff makes only generalized allegations against Defendants (¶78 – excluding Plaintiff from participating and attending court dates) or recounts email exchanges which do not reveal any wrongdoing and simply underline the fact that any actions taken by these Defendants were at the behest of or at the direction of a judge.

While Plaintiff alleges Mr. Waller excluded her from attending court hearings, he is only identified as "handling" the appeal of Plaintiff's request for ADA accommodation and has no alleged connection to the courtroom. Complaint, ¶¶78, 143-149. There are no actual allegations of wrongdoing against Mr. Waller therefore no plausible claim is made against him. Ms. Cheers is identified as the courtroom coordinator for Judge Fernandez and she is alleged to have refused to

admit Plaintiff at the behest of Judges Fernandez and Ahern. ¶¶57-58, 98. Plaintiff's attempt to suggest that Ms. Cheers was in charge of granting access to the Zoom proceeding, ¶127, is belied by the September 5 Order and Plaintiff's repeated assertions that Judges Fernandez and Ahern determined that hearings would not proceed via Zoom. Ms. Demos is identified as the Court Disability Coordinator and is alleged to have received, and eventually rejected, Plaintiff's request for accommodation. ¶¶121-125, 135, 137.

**A. Defendants Are Immune From Liability.**

Judges are entitled to absolute immunity from damages for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) *citing Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity has been extended to apply to "quasi-judicial conduct" of "non-judicial officials whose official duties have an integral relationship with the judicial process." *Id.* at 435, *citing Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (Official entitled to absolute immunity afforded judge if the official is performing a ministerial function at the direction of the judge). "[F]or court personnel and adjuncts who do not exercise a discretionary function comparable to a judge's, the justification for extending absolute immunity is most compelling when the lawsuit challenges conduct specifically directed by the judge, and not simply the manner in which the judge's directive was carried out." *Richman*, at 437; *and see Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (Finding the clerks who returned complaint and filing fees to the plaintiffs and directed them to file in small claims court per judicial direction were entitled to absolute immunity.).

What is clear from Plaintiff's allegations is that the decision to have in-person hearings, rather than via Zoom, was made by a judge. Plaintiff attempts to skirt the doctrine of judicial immunity by stating the decision to appear in-person was "an administrative determination and not

part of any judicial proceeding." Complaint, ¶170. Besides being improper legal argument and not a factual allegation, it is also incorrect. The Seventh Circuit has identified three factors that generally govern the determination of whether a particular act or omission is entitled to judicial immunity: "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) *citing Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985). Deciding whether litigants will appear in person or remotely is a discretionary action in keeping with a judge's power to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates," *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991). Moreover, the requirement to appear in person was set forth in an Order signed by the Judge. Ex. A. Clearly, Judge Fernandez is entitled to judicial immunity for her decision that parties appear in-person. Extending from Judge Fernandez's judicial immunity, Defendants here are entitled to quasi-judicial immunity as any action they took in not allowing Plaintiff to appear via Zoom was at the explicit direction of Judge Fernandez or Judge Ahern. Thus, Plaintiff's claims against Defendants Demos, Waller, and Cheers should be dismissed for failure to state a claim.

Plaintiff's state law claim for negligence should likewise be dismissed. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021). Federal courts may decide state-law claims pursuant to 28 U.S.C. §1367 "if the claims are so closely related to plaintiff's federal-law claims as to be in effect part of the same case." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007). But district courts can decline to

exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *Id.* citing §1367(c)(3). In the event Plaintiff's federal-law claims are dismissed, this court should decline to exercise supplemental jurisdiction over Plaintiff's negligence claim and dismiss the Complaint in its entirety.

## CONCLUSION

**WHEREFORE**, Defendants Elena Demos, Vincent Waller, and Ebony Cheers respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award any further relief that this Court deems fair and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: /s/ *Silvia Mercado Masters*
Silvia Mercado Masters
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7795
silvia.mercadomasters@cookcountysao.org

**CERTIFICATE OF SERVICE**

I, Silvia Mercado Masters, an attorney, certify that on March 10, 2025 I caused the foregoing Motion to Dismiss Plaintiff's Complaint to be electronically filed via the Court's CM/ECF system and thereby served on all counsel of record.

/s/ *Silvia Mercado Masters*
Silvia Mercado Masters
Assistant State's Attorney
Cook County State's Attorney's Office