**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARISSA A. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-136 |
| | ) | |
| JUDGE ROSSANA P. FERNANDEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JANE GIRARD'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE 12(b)(1) and 12(b)(6)**

Defendant Jane Girard ("Jane"), through her attorneys of record, Kaplan & Gournis, P.C., for her motion to dismiss Plaintiff Marissa A. Girard's ("Plaintiff") first amended complaint (the "Complaint" or "Compl.") pursuant to Federal Rule 12(b)(1) and 12(b)(6) (the "Motion"), states:

## INTRODUCTION

As the court can quickly glean from the Complaint, this case is nothing more than an unhinged smear campaign perpetrated by Plaintiff. The court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1). Dismissal is appropriate because the court lacks subject matter jurisdiction. The court does not have jurisdiction to adjudicate Plaintiff's various grievances with the pending state court domestic relations proceedings in the Circuit Court of Cook County, Illinois or her far-flung conspiratorial claims involving Jane, her lawyers in the pending state court case, judges hearing the case, and courtroom personnel.

Moreover, even if the court does not dismiss the Complaint for lack of jurisdiction, the court should nevertheless dismiss the Complaint pursuant to Rule 12(b)(6) because the Complaint is utterly unintelligible and does not state any plausible claims against Jane.

## **ALLEGATIONS OF THE COMPLAINT**

Plaintiff is Kenton Girard's ("Kenton") wife. (Compl., ¶ 1.) Kenton is Jane's ex-husband, and the two are adversaries in a pending domestic relations matter in Cook County, Illinois, Case No. 2015 D 9633 (the "Domestic Relations Case"). (Id.) Plaintiff is a third-party respondent in the Domestic Relations Case. (Id., ¶ 3.)

In the convoluted Complaint, Plaintiff alleges that Jane's attorneys in the Domestic Relations Case at Beermann LLP ("Beermann") are in alleged cahoots with various Cook County Judges (the "Judges") and personnel to rule against Plaintiff and her husband Kenton in the Domestic Relations Case and to allegedly discriminate against Plaintiff. (Id., ¶¶ 4-19.)

While it is difficult to discern the allegations of the Complaint with any certainty, it appears that Plaintiff's Complaint as it is directed toward Jane is premised on Jane's attorneys at Beermann and/or the Judges taking the following steps in the ongoing Domestic Relations Case: (1) making the case unreasonably lengthy and improperly joining Plaintiff in the case; (2) not allowing Plaintiff to appear remotely for court by Zoom; (3) noticing Plaintiff and Kenton's in-person depositions; (4) opposing Kenton's various motions for substitution of Judges; (5) opposing/denying Plaintiff's several motions for substitution of Judges; (6) not responding in a helpful manner to emails from Kenton/Plaintiff; (7) treating Plaintiff as though she posed a physical threat; (8) mishandling Plaintiff's requests for accommodations for her disabilities; (9) belittling Kenton for attending the funeral of Jimmy Carter in Washington, D.C.; (10) attempting to hold Plaintiff in contempt of court for violating a gag order; (11) filing various motions for contempt and sanctions against Plaintiff; and (12) setting a trial date in the Domestic Relations Case for May 2025. (Id., ¶¶ 55-245.)

The Domestic Relations Case is still pending, and Beermann still represents Jane in the

case against Plaintiff and Kenton. Plaintiff's Complaint seeks to frame her (and Kenton's) various losses and disagreements in the Domestic Relations Case to date as the product of corruption causing a constitutional deprivation to her by Jane, the Judges and court personnel.

The Court should dismiss Plaintiff's Complaint with prejudice because the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) and the Complaint does not pass muster under Rule 12(b)(6).

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Pursuant to the Domestic Relations Exception to Federal Jurisdiction, the *Rooker-Feldman* Doctrine, and/or *Younger* Abstention and/or General Abstention Principles

Federal Rule of Civil Procedure 12(b)(1) provides that dismissal is proper when a court lacks subject matter jurisdiction. F.R.C.P. 12(b)(1). The "presumption of correctness" usually attributed to a complaint's allegations "falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Saperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). Ultimately, the plaintiff must establish the existence of subject matter jurisdiction by competent proof. *Id.* (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm's*, 149 F.3d 679, 685 (7th Cir. 1998)).

#### A. The Domestic Relations Exception to Federal Jurisdiction Applies

The "domestic relations" exception to federal jurisdiction prevents federal courts from issuing orders involving divorce, alimony, child custody orders, and child support orders. *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019). This exception denies federal jurisdiction to exercise powers characteristic of a domestic relations court. *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006). This exception prevents the federal courts from forcing their way into a state court matter, "particularly because state courts are assumed to have developed a core proficiency in probate and domestic relations matters." *Sykes v. Cook County Circuit Court Probate Division*, 837

F.3d 736, 741 (7th Cir. 2016); *see Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

Here, Plaintiff's claims against Jane are premised on the ongoing Domestic Relations Case. This claim is squarely within the exception to jurisdiction for domestic relations cases because Plaintiff is attempting to collaterally attack the actions/inactions of Plaintiff's adversaries and the Judges in the Domestic Relations Case in this federal action. This court does not have jurisdiction to issue any order as to the efficacy of the Domestic Relations Case or the circumstances giving rise to any issues in that state court proceeding. Plaintiff clearly cannot ask this court to sit as a super-appellate court to the Domestic Relations Case. The court should dismiss this matter.

    **B.**    ***Rooker-Feldman* Bars This Suit**

The *Rooker-Feldman* doctrine is an important foundation for the division of power between federal and state courts, recognizing that even if a state court judgment is wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023); *Sharif v. Mackoff*, No. 22-1190, 2023 WL 3971410, **3-4 (7th Cir. June 13, 2023)(holding that *Rooker-Feldman* barred federal claims alleging damages caused by state court orders in divorce proceeding).

*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine applies to federal claims that "directly" challenge a state court judgment or are "inextricably intertwined with one." *Johnson*, 62 F.4th at 399; *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021); *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019).

In this matter, Plaintiff's entire claim against Jane is premised on various orders and

actions in the ongoing Domestic Relations Case. Plaintiff is nevertheless asking this court to undercut or overrule the orders entered in the Domestic Relations Case and to pass judgment on Jane/Beermann's alleged actions in that proceeding. *Rooker-Feldman* clearly bars Plaintiff's claims. *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020)(*Rooker-Feldman* barred suit where "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"); *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002)("[L]ower federal courts do not have jurisdiction to conduct direct review of state court decisions."); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)("[A] plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.")

The court should dismiss the Complaint under the *Rooker-Feldman* doctrine.

## C. The Court Should Abstain From Hearing This Case Under *Younger*

The *Younger* abstention doctrine "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). The doctrine applies where federal court intervention would intrude on civil proceedings implicating a state's interest in enforcing orders and judgments of its courts. *Id.* In analyzing whether *Younger* abstention is proper, a court should consider whether the state proceeding is ongoing, involves important state interest, and provides an adequate opportunity to raise constitutional challenges. *Id.*

Plaintiff's Complaint seeks to have this court meddle in the pending Domestic Relations Case and essentially overturn the orders/decisions of the state court Judges in the case. The Domestic Relations Case is ongoing, involves an important state interest in domestic relations/child custody, and these issues should be decided in the Domestic Relations Case.

The court should abstain from hearing this matter under *Younger*.

### D.     The Court Should Decline Jurisdiction Under General Abstention Principles

Under established abstention doctrines, a federal court should decline to exercise jurisdiction "where doing so would intrude upon the independence of the state courts and their ability to resolve cases before them." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678-80 (7th Cir. 2010); *see Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018)(explaining that the abstention doctrines were "not a perfect fit, and we ultimately base our decision on the more general principles of federalism that underlie all of the abstention doctrines").

Recognizing that abstention doctrines may not be an exact fit to due process challenges in ongoing divorce proceedings, the Seventh Circuit in *Woodard* nevertheless noted the "serious federalism infringement" in allowing a plaintiff to pursue claims while the state court divorce matter was pending. *Woodard*, 997 F.3d at 723.

Moreover, as noted in *Woodard*, the adjudication of claims by a state court domestic relations court loser under the guise of due process claims "threaten interference with and disruption of local family law proceedings—a robust area of the law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.* Citing *Courthouse News Service*, 908 F.3d at 1065, the *Woodard* court explained that abstaining from jurisdiction was proper where denying a federal forum "would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Woodard*, 997 F.3d at 723.

The same concerns raised in *Woodard* also exist in this matter as Plaintiff is asking this court to interfere with and disrupt the Domestic Relations Case while it is still pending. The court's failure to abstain from this matter would "reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts." *Id.* The court should abstain from hearing this

matter under general abstention principles.

For all these reasons, the court lacks subject matter jurisdiction over this matter and Plaintiff's Complaint should be dismissed.

## II.     Plaintiff's Complaint Fails to State a Claim Against Jane

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a 12(b)(6) challenge, a complaint must first comply with Rule 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief. *Second Amendment Arms v. City of Chicago*, No. 10-4257, 2012 WL 4464900, *3 (N.D. Ill. Sept. 25, 2012). A complaint should be dismissed as unintelligible where the complaint consists of a narrative that is prolix, digressive, and full of irrelevant details. *Amachree v. Garland*, 2023 WL 3033493, *1 (7th Cir. Apr. 21, 2023); *Mohammed v. Prairie State Legal Services, Inc.*, 2021 WL 4962988, *1 (7th Cir. Oct. 26, 2021); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Plaintiff fails the Rule 8(a) test because the incoherent, rambling voluminous Complaint is a stream-of-consciousness narrative, it is full of irrelevant/untrue details, the Complaint contains a plethora of inappropriate and irrelevant footnotes, Plaintiff alleges various legal conclusions without the benefit of any alleged facts to support the claims, and the Complaint is

brimming with unnecessary and salacious personal attacks on all of the Defendants.[1]  Moreover, the Complaint fails to put "[Jane] or the court, on fair notice of the claims and does not set the stage for remotely manageable litigation."  *Stanard*, 658 F.3d at 797.

Plaintiff's Complaint should be dismissed as unintelligible.

Even if the court does not dismiss the Complaint as unintelligible, the Complaint still fails because Plaintiff does not plead plausible claims against Jane for abuse of process under § 1983 (count VII) or negligence (count VIII).

### A.    Plaintiff has not Pled a Plausible § 1983 Abuse of Process Claim

Plaintiff's § 1983 abuse of process claim fails for myriad reasons.  First, the Seventh Circuit does not recognize a claim for abuse of process under § 1983 because "abuse of process is not a free-standing constitutional tort."  *Adams v. Rotkvich*, 325 F. App'x 450, 453 (7th Cir. 2009); *see Bergquist v. Milazzo*, No. 18-3619, 2020 WL 757902, *2 (N.D. Ill. Feb. 14, 2020)(dismissing claim with prejudice).  Second, Plaintiff fails to plausibly plead that Jane, as a private actor, is liable under § 1983.  *Hamania v. Loren-Maltese*, 212 F.3d 353, 356-57 (7th Cir. 2000).  Third, and finally, Plaintiff fails to even plead a state law abuse of process claim against Jane as Plaintiff does not plead that Jane (or her attorneys at Beermann) used the Domestic Relations Case to accomplish some ends that are "beyond the purview of the process" of the Domestic Relations Case.  *Brian J. Wanca v. Oppenheim*, 2023 IL App (1st) 220273, ¶¶ 57-58; *Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 875-76 (1st Dist. 2005).

Again, Plaintiff's failure in this respect only amplifies the various issues with Plaintiff's Complaint and the various abstention principles that require dismissal because Plaintiff is asking this court to find that Jane and Beermann have engaged in an abuse of process where that very process is still pending in the Domestic Relations Case.  For all of these reasons, Plaintiff has

---

[1] Plaintiff alleges that Jane is "a proven sex abuser of her children," which is of course untrue.

failed to state a claim against Jane for abuse of process. The court should accordingly dismiss this claim with prejudice.

**B.** **Plaintiff has not Pled a Plausible Negligence Claim**

While it is not clear from the Complaint, it appears that Plaintiff is attempting to plead a negligence claim against Jane. As with Plaintiff's abuse of process claim, Plaintiff's negligence count also fails to state a claim against Jane. Plaintiff alleges in a conclusory fashion that "all Defendants," which would presumably include Jane, owed Plaintiff a duty to accommodate her disability. Plaintiff fails to allege any facts to support any alleged duty that Jane, as an adversary in the Domestic Relations Case, owed to Plaintiff. Jane also has nothing to do with whether Plaintiff is allowed to participate in court proceedings remotely.

From Plaintiff's Complaint, it appears that the decision to insist on an in-person hearing was made due to parties in the Domestic Relations Case turning their cameras on and off, addressing each other instead of the court, potentially recording the proceedings, and the difficulty with the judge maintaining order in such a contentious proceeding. (Compl., ¶ 139.) These are certainly reasonable concerns that would require in-person attendance.

Certainly Jane, as an adversary of Plaintiff in the case, does not owe a duty to Plaintiff to somehow support Plaintiff's attempts to violate the court's orders by attempting to appear remotely for court.

For all of these reasons, the court should dismiss Plaintiff's negligence count with prejudice.

WHEREFORE, Defendant Jane Girard respectfully requests that this Honorable Court dismiss Plaintiff Marissa Girard's Complaint with prejudice and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

JANE GIRARD,

April 7, 2025 _____/s/ Chris S. Wunder_____
Chris S. Wunder (cwunder@kpglaw.com)
Eric D. Kaplan (ekaplan@kpglaw.com)
KAPLAN & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Phone: (312) 726-0531
Fax:     (312) 726-4928

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

_____/s/ Chris S. Wunder_____