THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marissa A Girard, )<br>)<br>    Plaintiff, )<br>  v. )<br>)<br>Judge Rosanna P. Fernandez, Judge )<br>Regina A. Scannicchio, Judge Gregory E. )<br>Ahern, Judge William Yu, Elena S. )<br>Demos JD, Vincent D. Waller JD, Adam )<br>P. Monreal Esq., Ebony Cheers, Jane F. )<br>Girard, Enrico J. Mirabelli, Esq., and )<br>Matthew D. Elster, Esq. )<br>)<br>    Defendants. ) | Case No.: 1:25-cv-136<br>Hon. Andrea R. Wood<br><br>Magistrate Judge Maria Valdez |

**BEERMANN DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Enrico J. Mirabelli and Matthew D. Elster (the "Beermann Defendants"), by and through their attorneys, Wilson Elser LLP, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss the Plaintiff's First Amended Complaint ("FAC") (ECF 15), as follows:

### INTRODUCTION

Plaintiff, Marissa Girard, is a party to post-judgment dissolution of marriage proceedings currently pending between her husband, Kenton Girard, and his former wife, Jane Girard, in the Domestic Relations Division of the Circuit Court of Cook County (the "*Domestic Relations Proceedings*"). The Beermann Defendants are two attorneys at Beermann LLP who presently represent Jane Girard in those proceedings.

Plaintiff's 74-page, 289-paragraph FAC targets the Beermann Defendants solely based on legal services they performed in representing Jane Girard in the ongoing state court proceedings. More specifically, Plaintiff accuses the Beermann Defendants of taking actions within the

1

*Domestic Relations Proceedings* "for the ulterior purpose of causing maximum pain and suffering to Plaintiff, as a form of improper retribution for marrying Kenton Girard." [ECF 15 at 71, ¶275].

For the reasons set forth below, Plaintiff's FAC should be dismissed with prejudice. Plaintiff has not pled, and cannot plead, any claim upon which relief can be granted.[1] First, Illinois' broad litigation privilege shields the Beermann Defendants against liability in relation to their representation of Jane Girard in the *Domestic Relations Proceedings*, which is all that Plaintiff is complaining about. Second, apart from this immunity, Plaintiff has not asserted any legal basis for relief against the Beermann Defendants.

## BACKGROUND/ALLEGATIONS OF THE FAC

Plaintiff filed her initial *pro se* Complaint on January 6, 2025, asserting claims under the First Amendment, the Americans with Disabilities Act ("**ADA**"), the Rehabilitation Act of 1973 (the "**Rehab Act**"), and various common law claims against three state court judges and several Cook County employees as defendants, all arising from conduct allegedly occurring in the ongoing *Domestic Relations Proceedings*. [ECF 1].

On March 10, 2025, well outside the twenty-one (21) day window set forth in Fed. R. Civ. P. 15(a)(1), and without leave of this Court, Plaintiff filed her FAC, naming an additional state court judge, Jane Girard, and two of Jane's attorneys – movants Enrico Mirabelli and Matthew Elster (*i.e.*, the Beermann Defendants) – as additional defendants.[2]

---

[1] By way of a letter dated April 1, 2025, the Beermann Defendants advised Plaintiff that the allegations in the FAC violated Fed. R. Civ. P. 11(b) in several ways ("Rule 11 Letter"). A copy of the Rule 11 Letter is attached as **Exhibit A**. The letter requested that Plaintiff withdraw the FAC against the Beermann Defendants within twenty-one (21) days – *i.e.*, by April 22, 2025. (Ex A at 6). In the event it is not withdrawn, the Beermann Defendants intend to seek sanctions in addition to dismissal with prejudice. It is clear from Plaintiff's complaint that her primary motivation is to use the federal court as a public forum to harass and defame, not to assert any genuine claims for legal relief.

[2] The Seventh Circuit has repeatedly held that "a plaintiff cannot add new defendants through a complaint amended as a matter of course." *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989) (citing *La Batt v. Twomey,* 513 F.2d 641, 651 n. 9 (7th Cir.1975) and *Jafree v. Barber,* 689 F.2d 640, 644 (7th Cir.1982)).

While hardly a model of clarity, and certainly non-complaint with the short plain statement requirement set forth in Fed. R. Civ. P. 8, Plaintiff complains of actions by the Beermann Defendants in their capacity as counsel for Jane Girard in the *Domestic Relations Proceedings*; such as: "bellitl[ing] Plantiff's medical conditions in legal papers" (ECF 15 at 52); "tak[ing] aim at the substance of Plaintiff's [state court filings]" (*Id.* at 53, ¶203); "whimsically alter[ing] the agenda for the trial [in the *Domestic Relations Proceedings*]" (*Id.* at 63, ¶234); and convincing a state court judge to "aggressively" strike her pleadings (*Id.* at 46, ¶186). Based upon these "facts," Plaintiff directs eight (8) counts of her FAC against the Beermann Defendants.

- Counts III and IV alleges discrimination against her on the basis of her disabilities, in violations of the Title II of the ADA and the Rehab Act, a claim purportedly brought under 42 U.S.C. §1983 ("Section 1983"). [ECF 15 at 68-69, ¶¶ 255-263].

- Count V accuses the Beermann Defendants of violating her rights under the Sixth Amendment to the United States Constitution, a claim purportedly brought under Section 1983. [*Id.* at 69-70, ¶¶ 264-268].

- Count VI accuses the Beermann Defendants of violating her "right to fair notice of claims," a claim purportedly brought under Section 1983. [*Id.* at 70-71, ¶¶ 269-273].

- Count VII accuses the Beermann Defendants of abuse of process, a claim which is purportedly brought pursuant to 42 U.S.C. §1983. [*Id.* at 71-72, ¶¶ 274-278].

- Count VIII asserts claims of common law negligence. [*Id.* at 72-73, ¶¶ 279-283].

- Count IX seeks declaratory relief. [*Id.* at 73, ¶¶ 284-286].

- Count X seeks injunctive relief. [*Id.* at 73-74, ¶¶ 287-289].

Nowhere does Plaintiff allege any fact suggesting that the Beermann Defendants – private attorneys representing an adversary of Plaintiff – were acting under color of state law or in any capacity other than as Jane Girard's attorneys in the *Domestic Relations Proceedings*.

**ARGUMENT**

A. **PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**[3]

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826-27 (7th Cir. 2015) (collecting cases). While a Court assumes the truth of all *well-pled* factual allegations, a plaintiff must do more than simply recite the elements of the claim to survive dismissal. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

    1. *ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE LITIGATION PRIVILEGE*

Literally every allegation in the FAC against the Beermann Defendants involves actions on behalf of Jane Girard as her attorneys in the *Domestic Relations Proceedings*. Thus, *every* claim should be dismissed pursuant to Illinois' absolute attorney litigation privilege.

This privilege provides an attorney with "complete immunity with respect to the communications he makes," as long as the communications "pertain to proposed or pending litigation*.*" *Scarpelli v. McDermott Will & Emery LLP*, 2018 IL App (1st) 170874, ¶¶ 18-19. The privilege is intended to allow attorneys "the utmost freedom in their efforts to secure justice for their clients." *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 701-02 (2000) (quoting Restatement (Second) of Torts § 586, comment *a* (1977)).

---

[3] The Beermann Defendants also respectfully note and adopt the jurisdictional arguments previously raised by Defendants, Elena Demos, Vincent Waller, and Ebony Cheers, as it relates to the application of the *Rooker-Feldman* Doctrine (ECF 14 at 4-5), as well as relevant abstention doctrines.

The privilege applies regardless of the legal theory asserted with respect to an attorney's communications, because "[t]he absolute privilege would be meaningless if a recasting of the cause of action *** could void its effect." *Johnson v. Johnson & Bell, Ltd.,* 2014 IL App (1st) 122677, ¶¶ 16-18 (quoting *Barker v. Huang*, 610 A.2d 1341, 1349 (Del. 1992) (applying the litigation privilege to negligent infliction of emotional distress, invasion of privacy, breach of contract and negligence claims); see also *Kim v. State Farm Mut. Auto. Ins. Co.*, 2021 IL App (1st) 200135, ¶38 (barring claims related to allegedly fraudulent statements made in the course of an underlying personal injury suit based on the litigation privilege); *Bedin v. Northwestern Mem. Hosp.*, 2021 IL App (1st) 190723, ¶41 (holding privilege applied to bar intentional infliction of emotional distress claim).

It has also been "extended beyond communications to include conduct performed within the practice of law" because "attorneys typically do things – actions – in addition to communications in order to secure justice for their clients." *Scarpelli,* 2018 IL App (1st) 170874 at ¶25. If courts were to "[l]imit[ ] the privilege to communications, as opposed to conduct, [it] would undermine the policies behind the privilege." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶27.

The litigation privilege affords an attorney complete immunity regardless of the attorney's motives and irrespective of the unreasonableness of the alleged conduct. *Scarpelli,* 2018 IL App (1st) 170874 at *¶*18; *Golden v. Mullen*, 295 Ill. App. 3d 865, 870 (1997). Indeed, as this Court has held: "[t]he attorney litigation privilege is, by its terms, absolute. It applies no matter the attorney's motives or the reasonableness of his conduct." *Creation Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 698 (N.D. Ill. 2022), *aff'd sub nom. Creation Supply, Inc. v. Cherrie*, 61 F.4th 511 (7th Cir. 2023).

Here, all of Plaintiff's claims against the Beermann Defendants relate <u>exclusively</u> to conduct occurring in their representation of Jane Girard in the *Domestic Relations Proceedings*. She complains that the Beermann Defendants: (i) filed pleadings in the *Domestic Relations Proceedings* (ECF 15 at 21-23 (¶¶ 90-92, 95-96), 52-55 (¶¶ 202-207)); (ii) made statements to the trial court in the *Domestic Relations Proceedings* (*Id.* at 25 (¶105), 55-59 (¶¶ 211, 213, 218-222), 63-66 (¶¶ 234, 238, 242)); (iii) "goaded" Plaintiff to attend a court appearance in the *Domestic Relations Proceedings* (*Id.* at 66, ¶244); and (iv) submitted a proposed order to the trial court in the *Domestic Relations Proceedings* (*Id.* at 66-67, ¶245). These are the *only* allegations against the Beermann Defendants in the FAC. Each one involves their actions in the *Domestic Relations Proceedings*. Thus, there can be no question that the absolute litigation privilege bars all of Plaintiff's claims.

Additionally, all claims against the Beermann Defendants (Counts III-X) should also be dismissed, with prejudice, for the reasons set forth below.

  2.  <u>COUNTS III-VII SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE BEERMANN DEFENDANTS ARE NOT STATE ACTORS</u>

Counts III-VII purport to assert various claims against the Beermann Defendants pursuant to Section 1983. [ECF 15 at 68-72, ¶¶ 255-278]. A suit under Section 1983 requires state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), A plaintiff may not bring Section 1983 claims against a private citizen who is not acting under the color of state law. *Hershinow v. Bonamarte,* 772 F.2d 394, 397 (7th Cir. 1985). Although attorneys are sometimes referred to as "officers of the court," they are not state actors "under color of state law within the meaning of § 1983." *Polk Cnty. v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (internal quotation marks omitted).

While private actors can be liable under Section 1983 when they collaborate with state officials, mere conclusory allegations of a conspiracy between state officials and private attorneys do not satisfy this requirement. *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1352 (7th Cir.1985); *Naguib v. Ill. Dept. of Prof'l Reg.*, 986 F. Supp. 1082, 1097 (N.D. Ill. 1997) ("Merely speculative or conclusory allegations of a massive conspiracy is not enough to state either a § 1983 or a § 1985 claim").

Here, Plaintiff fails to allege any facts that would permit a finding that the Beermann Defendants – two attorneys representing a client in civil proceedings – acted under color of state law. Instead, she relies primarily on the baseless, false, and inflammatory accusations made by her husband against other Beermann attorneys in another lawsuit pending, for now, in this District to support her equally baseless theory that Beermann attorneys have colluded with state actors against her in the *Domestic Relations Proceedings*. [ECF 15 at 3, ¶6]. The absence of any such facts is fatal to all her Section 1983 claims. *Fries v. Helsper*, 146 F.3d 452, 457-58 (7th Cir. 1998) ("mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under the color of state law and are not sufficient to survive a motion to dismiss").

    3.    COUNTS III AND IV SHOULD BE DISMISSED WITH PREJUDICE BECAUSE NEITHER TITLE II OF THE ADA NOR THE REHAB ACT CREATE A PRIVATE RIGHT OF ACTION

In addition to Plaintiff's failure to properly allege any facts supporting a "color of state law" claim against the Beermann Defendants, Counts III and IV likewise must be dismissed because neither the ADA nor the Rehab Act confer a private right of action.

Section 1983 provides a mechanism for plaintiffs to enforce "individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (quoting 42 U.S.C. § 1983). Section 1983 does not create substantive rights, however, only a remedy. *Id.*

7

Accordingly, "one cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

"ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000). Likewise, the Rehab Act does not provide for individual liability as it is nearly identical to the ADA. *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015) (upholding district court's dismissal of defendants sued in their individual capacity). Section 1983 "cannot be used to alter the categories of persons potentially liable in private actions under the Rehabilitation Act or the Americans with Disabilities Act." *Tri-Corp Hous. Inc. v. Bauman*, 826 F.3d 446, 449 (7th Cir. 2016). Because Plaintiff's claims relating to the ADA and Rehab Act (ECF 15 at 68-69, ¶¶ 255-263) seek relief against private lawyers, not public entities, dismissal with prejudice is required.

    4.    COUNT V SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE BEERMANN DEFENDANTS ARE NOT SUBJECT TO LIABILITY UNDER THE SIXTH AMENDMENT

The Sixth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, guarantees a *criminal* defendant certain rights designed to protect an accused from prosecutorial and judicial abuses. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 379, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979). Rights under this amendment are triggered only by "an arrest, indictment, or some other official accusation." *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009). The Sixth Amendment does not apply in civil proceedings. *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) (holding that the Sixth Amendment does not apply to civil remedies "administered for convenience by courts that have entered criminal convictions").

Plaintiff cites no authority – and none exists – which extends the Sixth Amendment to state court domestic relations proceedings, much less imposes liability on private attorneys representing clients (who are adversaries to the plaintiff) in such proceedings. Thus, dismissal is required.

5. COUNTS VI-VII SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THERE IS NO FEDERAL RIGHT TO FAIR NOTICE OF CLAIMS

In Count VI, Plaintiff appears to sue the Beermann Defendants for failing to (properly) sue her. [ECF 15 at 70-71, ¶¶ 269-273]. Ironically, Plaintiff's assertions about the supposed failure to "fair notice of claims" accurately summarizes why this claim should be dismissed – it is virtually incomprehensible, unsupported by authority, and fails to assert anything remotely resembling a cause of action. Plaintiff's failure to understand the claims, orders, or filings in the *Domestic Relations Proceedings* does not give rise to civil liability against attorneys representing their own client in that proceeding. There is no claim Plaintiff could ever assert on this theory. Thus, dismissal is required. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("when a complaint contains 'amorphous' claims that fail to give the defendant 'fair notice' and so must be dismissed").

In Count VII, Plaintiff seeks to hold the Beermann Defendants liable for abuse of process through Section 1983. [ECF 15 at 71-72, ¶¶ 274-278]. As the Seventh Circuit has repeatedly held, however, claims for abuse of process are not cognizable under Section 1983 where a remedy lies under state law. *Adams v. Rotkvich*, 325 Fed. Appx. 450, 453 (7th Cir. 2009) ("abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process," and "Illinois provides such a remedy"). Thus, dismissal with prejudice is required on this basis as well.

6. COUNT VIII-IX SHOULD BE DISMISSED WITH PREJUDICE FOR ADDITIONAL REASONS

The final three counts of the FAC do not rely upon any federal statute but, instead, appear to assert garden variety state law claims for negligence, declaratory relief, and injunctive relief. [ECF 15 at 72-74, ¶¶ 279-289]. These claims do not pose any federal questions.

Assuming this court dismisses Plaintiff's purported federal claims on the merits, it has the discretion to adjudicate related state-law claims, as well. *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing 28 U.S.C. §1367(c)(3)). It should do so here, where the insufficiency of Plaintiff's claims is clear under Illinois law and dismissal will promote judicial efficiency. *Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731-32 (7th Cir. 2001); *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir. 1993).

First, Plaintiff has not stated – and cannot state – a claim of negligence against the Beermann Defendants, because attorneys do not, as a matter of settled law, owe a duty to an opposing party (Count VIII). *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 651 (7th Cir. 2017) (noting "the general rule is that an attorney owes a professional duty only to the attorney's client, not to third parties"). The only exception to this rule – one wholly absent here – is where the nonclient can both allege and prove "that the intent of the client to benefit the nonclient third party was the primary or direct purpose of the transaction or relationship." *Pelham v. Griesheimer*, 92 Ill.2d 13, 20-21 (1982). Such facts are palpably absent here, and, as a matter of law, Plaintiff cannot assert a claim of negligence against the Beermann Defendants.

Second, Plaintiff cannot establish an entitlement to declaratory relief (Count IX). This count – which does not mention either Beermann Defendant – appears to seek a declaration that the state court's policies violate "applicable laws," including Title II of the ADA. [ECF 15 at 73, ¶285]. Inasmuch as Plaintiff fails to allege any controversy on this issue between her and the Beermann Defendants, her claim is duplicative of her earlier claims under the ADA and the Rehab Act. "In this district, courts commonly exercise that discretion [to decline to hear a declaratory judgment action] where the claim for declaratory judgment substantially overlaps with Plaintiff's

10

substantive claims." *Cohn v. Guaranteed Rate Inc.*, 130 F. Supp. 3d 1198, 1205 (N.D. Ill. 2015). It should decline to do so here.

Third, Plaintiff's claim for injunctive relief (Count X) – like her claim for declaratory relief – does not mention either Beermann Defendant and does not appear to seek any relief against them. "A complaint for injunctive relief must contain on its face a clear right to relief and state facts which establish the right to such relief in a positive, certain and precise manner." *Heerey v. Berke*, 179 Ill. App. 3d 927, 939 (1989). These requirements ensure that a defendant is "informed of the injunction proposed against him so that he may be present, if he wishes, to defend himself." *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 10. Count X of the FAC fails to clear this pleading hurdle. Plaintiff fails to allege facts establishing any of the elements of injunctive relief, and, specifically, fails to state – in a certain and precise manner – how such relief is appropriate against two private attorneys. It is not, and this count, as well, should be dismissed.

Further, neither Count IX nor Count X create a viable case or controversy. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975) (dismissing request for declaratory judgment that a judge's actions in an underlying case violated the law and the plaintiff's constitutional rights because it failed to present a live case or controversy). Instead, they are predicated on allegations that the policies, judges, and rulings in the *Domestic Relations Proceeding* violate "applicable laws." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (dismissing request for declaratory judgment against judge's past actions because "[d]eclaratory judgments … are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct"). Declaratory actions against judges or opposing attorneys on this basis is improper and requires dismissal. *Outley v. Feinerman*, 2023 U.S. Dist. LEXIS 108412, *21 (N.D. Ill. June 22, 2023).

Finally, each request for relief would require the District Court for the Northern District of Illinois to take an appellate role over the rulings of another judge in a pending state court case (the *Domestic Relations Proceeding*). How a party would think that "the proper way to challenge the evidentiary rulings of a district court judge is to sue that judge, rather than filing an appeal, is incomprehensible." *Outley*, 2023 U.S. Dist. LEXIS 108412 at 19.

WHEREFORE, Defendants, Enrico J. Mirabelli and Matthew D. Elster, respectfully request this Honorable Court enter an ORDER: (1) granting this Motion; (2) dismissing Plaintiff's FAC with prejudice; and (3) granting any other relief deemed just and appropriate.

Respectfully submitted,
**Enrico J. Mirabelli & Matthew Elster**

By: /s/ Kimberly E. Blair
Kimberly E. Blair (Kimberly.blair@wilsonelser.com)
Joseph J. Stafford (joseph.stafford@wilsonelser.com)
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser LLP
55 W. Monroe Street; Suite 3800, Chicago, IL 60603
(312) 821-6139
*Attorneys for Beermann Defendants*
