IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MARISSA A. GIRARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDGE ROSSANA P. FERNANDEZ, ) <br> *et.al.*, ) <br> ) <br> ) <br> Defendants. ) | No. 1:25-cv-00136 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Maria Valdez |

**JUDICIAL DEFENDANTS'**
**RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendants Judge Rossana P. Fernandez, Judge Regina A. Scannicchio, Judge Gregory E. Ahern, and Judge William Yu ("Judicial Defendants"), by their attorney, Kwame Raoul, Attorney General of Illinois, move to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Judicial Defendants state as follows:

**INTRODUCTION**

Plaintiff Marissa Girard, a third-party defendant in *In Re the Former Marriage of Kenton Girard and Jane Girard,* Case No. 2015 D 99633, brings this lawsuit against the Judicial Defendants, Circuit Court staff (Demos, Waller, Cheers and Monreal), Jane Girard, and her attorneys (Mirabelli and Elster). The claims against the Judicial Defendants all stem from decisions they made while adjudicating the domestic relations matter which is currently pending in the Circuit Court of Cook County. ECF No. 15 ¶ 1. Plaintiff's 74-page amended complaint brings 10 claims against the Judicial Defendants in their "personal capacity." *Id.* ¶¶ 26-29. The Judicial Defendants are named in Counts I (First Amendment); II (Right to Impartial Proceedings); III

1

(Title II of ADA); IV (Rehabilitation Act of 1973); V (Sixth Amendment); VI (Right to Fair Notice of Claims); VII (Negligence); IX (Declaratory Relief); and X (Injunctive Relief).

This Court should dismiss the claims against the Judicial Defendants for at least four reasons. First, Title II of the ADA and the Rehabilitation Act do not allow for individual liability. Second, the *Rooker-Feldman* and *Younger* doctrines preclude Plaintiff's claims against Judicial Defendants, as Plaintiff is attempting to have this Court review judicial decisions from a state court domestic relations case. Third, even if the Court has jurisdiction, the Court should abstain from hearing this case based on principles of federalism and comity. Fourth, Judicial Defendants are entitled to judicial immunity because Plaintiff challenges actions taken in their judicial capacity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Plaintiff must meet his burden to establish that jurisdictional requirements have been met. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 589, 589 (7th Cir. 2014).

Under the Federal Rules of Civil Procedure, a complaint must contain factual allegations that plausibly suggest there is a legal right to relief. Rule 12(b)(6) requires dismissal of a complaint when the complaint fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6). The Court should not ignore facts in the complaint that undermine Plaintiffs' claim. *See Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 900 (N.D. Ill. 2016). Courts should resolve immunity issues at the earliest point in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

2

**ARGUMENT**

**I.     There is no individual liability under Title II of the ADA or the Rehabilitation Act.**

Judicial Defendants join the argument put forth in Defendants Elena Demos, Vincent D Waller and Ebony Cheers Motion to Dismiss (ECF 15) that Title II of the ADA and the Rehabilitation Act do not allow for individual liability. Accordingly, Counts III and IV must be dismissed.

**II.    The *Rooker-Feldman* and *Younger* Doctrines Bar Plaintiff's Claims Against Judicial Defendants.**

The *Rooker-Feldman* doctrine bars Plaintiff's constitutional and state-law claims against the Judicial Defendants because Plaintiff is asking this Court to review state court rulings. The *Rooker-Feldman* doctrine forbids lower federal courts from exercising jurisdiction over cases challenging state court judgments rendered before commencement of district court proceedings. *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). The rationale for the doctrine is that even if a state court judgment may be wrong under federal law, only the Supreme Court of the United States has jurisdiction to review it. *Id.* When the *Rooker–Feldman* doctrine applies, dismissal for lack of subject-matter jurisdiction is the only proper disposition. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

Here, Plaintiff alleges that decisions made by Judicial Defendants in the domestic relations case form the basis of Counts I, V and VI. Specifically, Plaintiff challenges the "refusal to admit Plaintiff to the October 18, 2024, proceeding" (ECF No. 15 ¶¶ 248, 253) and setting a trial date of May 1-2, 2025 (ECF No. 15 ¶¶ 265, 272). The *Rooker-Feldman* doctrine prohibits review of these state-court decisions in federal court. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023). Thus, Plaintiff's claims against the Judicial Defendants should be dismissed for lack of jurisdiction.

3

Alternatively, should this Court determine that any of Plaintiff's claims relate to the *ongoing* state court domestic relations proceedings and are therefore not subject to the *Rooker-Feldman* doctrine, this Court should decline to hear the claims pursuant to *Younger v. Harris*, 470 U.S. 37 (1971). Federal courts apply *Younger* abstention when there is a parallel, pending state proceeding and any federal rulings would "implicate a state's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Plaintiff's domestic relations case remains pending in the Circuit Court of Cook County. If this Court allows Plaintiff to continue with the case before it, this proceeding will interfere with the State's ability to enforce the orders entered in the domestic relations case and to resolve the domestic relations matter. Accordingly, if Plaintiff's claims are not precluded by the *Rooker-Feldman* doctrine, this Court should decline to hear the claims pursuant to *Younger*.

Accordingly, Plaintiff's claims against Judicial Defendants (Counts I, V, VI, IX, and X) should be dismissed.

**II.     This Court should decline to hear Plaintiff's claims against the Judicial Defendants based on principles of federal abstention.**

Even if this Court determines that the *Rooker-Feldman* doctrine and *Younger* do not apply here, it should still abstain from hearing Plaintiff's claims. As the Seventh Circuit explained in *J.D. v. Woodward*, even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection" based on a complaint's allegations "risks a serious federal infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). Instead, "federal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Hadzi-Tanovic v. Johnson*, No. 20-cv-3460, 2021 U.S. Dist. LEXIS 226663 at *15 (N.D. Ill. Nov. 24, 2021) (holding that abstention was

4

proper in federal case alleging a conspiracy in a state-law divorce case) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018)). "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722.

Here, Plaintiff requests that this Court insert itself into a state court domestic relations proceeding, but to do so "would intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)). As such, abstention is appropriate here because "[e]xercising federal jurisdiction over [these] claims would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" *J.D.*, 997 F.3d at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679). Plaintiff's claims are directly related to an underlying state court case and deciding Plaintiff's claims in this case would necessarily require this Court to review those judgments, implicating principles of comity. As Judge Feinerman observed in a similar case seeking injunctive relief from a state court judge in a custody case:

> If the claims brought by Bush in *J.B.* warranted abstention to avoid providing him with an 'offensive tool to take to state court to challenge [Judge Carr's] orders, abstention surely is warranted . . . where Bush sues Judge Carr himself and asks this court to directly decide the constitutionality of the judge's rulings and actions.

*Bush v. Carr*, No. 20 C 6634, 2021 U.S. Dist. LEXIS 191289, at *2-3 (N.D. Ill. Oct. 5, 2021). So too here. Plaintiff asks this Court to review the constitutionality of the Judicial Defendants' rulings and actions in an underlying state court case. Accordingly, this Court should abstain from hearing Plaintiff's claims against the Judicial Defendants and Counts I, V, VI IX, and X should be dismissed.

### III. Plaintiff's Claims Against the Judicial Defendants Are Barred by Absolute Judicial Immunity.

5

Finally, even if this Court had jurisdiction over Plaintiff's claims, Plaintiff's claims against the Judicial Defendants are barred by the doctrine of absolute judicial immunity.

More than 130 years ago, the United States Supreme Court confirmed that judges cannot be sued for their judicial acts, even when those acts are "in excess of their jurisdiction, and are alleged have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (absolute judicial immunity applies even when a judge's exercise of authority is "flawed by the commission of grave procedural errors"). No matter how "erroneous the act may have been" or how "injurious…it may have proved to the plaintiff," it cannot support a suit against a judge. *Bradley*, 80 U.S. at 347. A judge is not deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978). Judges must remain "free to act upon [their] own convictions" without fearing civil liability. *Brokaw*, 235 F.3d at 1015.

The scope of immunity is expansive. Judges are absolutely immune from suits for damages unless: (1) "the suit challenges an action that is not judicial in nature" or (2) "the judge acted in the complete absence of all jurisdiction." *Haas v. Wisconsin*, 109 Fed. App'x 107, 113 (7th Cir. 2004). Courts in the Seventh Circuit routinely dismiss lawsuits against judges for actions taken in their judicial capacity, especially when those actions were taken in domestic relations cases.[1]

No exception to absolute judicial immunity applies here. First, the alleged actions of the Judicial Defendants in Plaintiff's domestic relations case (*i.e.*, rulings in that case) are indisputably "judicial in nature." *See, e.g.*, *Brokaw*, 235 F.3d; *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir.

---

[1] *See, e.g.*, *Anderson v. Anderson*, 554 F. App'x 529, 531 (7th Cir. 2014); *Davenport v. Illinois*, 295 F. App'x 810, 812 (7th Cir. 2008); *Eberhardt v. Braud*, No. 16-CV-3080, 2016 WL 3746422, at *3 (C.D. Ill. July 8, 2016); *Brzowski v. Brzowski*, No. 07 C 3977, 2007 WL 2225832, at *1 (N.D. Ill. July 26, 2007).

2006) (rulings in divorce proceedings are judicial acts and entitled to judicial immunity). Second, the Illinois courts have subject-matter jurisdiction over the proceedings at issue. *See Davit v. Davit*, 366 F. Supp. 2d 641, 660 (N.D. Ill. 2004), *aff'd*, 173 Fed. App'x 515 (7th Cir. 2006).

Plaintiff does not—and cannot—allege that the Judicial Defendants acted in the "complete absence of jurisdiction." In *Stump v. Sparkman*, the Supreme Court distinguished between judicial actions taken in "excess of authority" and those taken with a "clear absence of all jurisdiction over the subject-matter;" only in the latter case is immunity unavailable. 435 U.S. at 356-57. Where there is subject-matter jurisdiction and the judge played a judicial role, there is immunity. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995).

The allegations in Plaintiff's complaint demonstrate that the Judicial Defendants are absolutely immune from this suit. The Illinois Constitution grants circuit courts in this state "original jurisdiction of all justiciable matters" with limited exceptions not applicable here. Ill. Const. Art. VI, § 9. Thus, absolute judicial immunity applies here. *Stump,* 435 U.S. at 356-57 (noting that judges are not deprived of immunity for actions taken "in error"); *see also Cooney v. Rossiter*, No. 07 C 2747, 2008 WL 3889945, at *5 (N.D. Ill. Aug. 20, 2008), *aff'd*, 583 F.3d 967 (7th Cir. 2009) ("Contrary to Plaintiffs' claim, absolute judicial immunity does preclude litigation against judges, *even where bad faith is alleged.*") (emphasis in original).

The Judicial Defendants vehemently deny Plaintiff's allegations that they accepted bribes (ECF No. 15 ¶11, 179, 193, 201, 240, 251), conspired to accept bribes, and committed fraud upon the court by entering orders that Plaintiff believes violated Illinois law. But even if Plaintiff's conclusory allegations had any merit, which they do not, such allegations cannot defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging bribery); *see also Nesses v. Shepard*, 68 F.3d 1003, 1006 (7th Cir. 1995)

7

(recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat).

As the Seventh Circuit has held, "[t]he Supreme Court of [Illinois], not the federal judiciary, is responsible for dealing with claims that state judges erred." *Myrick v. Greenwood*, 856 F.3d 487, 487 (7th Cir. 2017). Accordingly, Counts I, II, V, VI, and VIII, are barred by judicial immunity and must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims against Judicial Defendants (Counts I, II, V, VI, VIII).

Respectfully submitted,

KWAME RAOUL  By: */s/ Michael J. Bradtke*
Attorney General of Illinois

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov
*Counsel for Judicial Defendants*

8