Case: 1:25-cv-00136 Document #: 30 Filed: 04/21/25 Page 1 of 6 PageID #:273

BC

FILED
4/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISSA GIRARD,<br><br>   Plaintiff,<br><br>  v.<br><br>ROSSANA P. FERNANDEZ et al.<br><br>   Defendants. | Civil Action No. 1:25-cv-00136<br><br>District Judge Andrea R. Wood |

  Plaintiff MARISSA GIRARD, in pro se, notifies the Court that she has served a written response to counsel for Beermann LLP Defendants Enrico J. Mirabelli and Matthew D. Elster regarding their Rule 11 Letter, which was served on Plaintiff on April 1 2025.

  That response is attached hereto as **Exhibit 1**.

Dated: April 21, 2025

Respectfully Submitted,

MARISSA GIRARD, *In Pro Se*

/s/ Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
Email: marissadakis@gmail.com
Tel: 773-425-4393

**EXHIBIT 1**

| | |
|---|---|
| **FROM:** | |
| Marissa Girard | |
| 965 Forestway Drive | |
| Glencoe, IL 60022 | |
| marissdakis@gmail.com | |
| Tel: (773) 425-4393 | |
| | |
| **TO:** | |
| | |
| Kimberly E. Blair Esq. | Joseph J. Stafford Esq. |
| Wilson Elser Law Firm | Wilson Elser Law Firm |
| 55 W. Monroe Street | 55 W. Monroe Street |
| Suite 3800 | Suite 3800 |
| Chicago, IL 60603 | Chicago, IL 60603 |
| Kimberly.Blair@wilsonelser.com | Joseph.Stafford@wilsonelser.com |
| Tel: (312) 821-6139 | Tel: (312) 821-6157 |

April 21 2025

**Re:** Your Rule 11 Letter Dated April 1 2025 Directed at First Amended Complaint
*Girard v. Fernandez, et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois

Dear Attorneys Blair and Stafford:

As you are well apprised, I am pro se in this litigation. I filed the First Amended Complaint (FAC) under Dkt[15] on March 10 2025 in accordance with my right under the FRCP, and that paper was duly accepted by the Court. Aside from the matter of the inclusion of the address of a residential property owned by one of the judicial defendants – for which reason the FAC has been sealed – I was not admonished or cautioned by the Court in any manner for propounding an irresponsible or reckless pleading.

By way of responding to your claims, I will first note as a threshold matter that your verbose missive is highly disorganized and reflects an amateurish understanding of the law.

The Allegations as to False Allegations

At p. 3, your letter purports to suggest that the FAC has been filed for an improper purpose. Yet it plows into a recitation that various factual allegations contained in the FAC are simply false.

Similar to the mechanics of the motion to dismiss stage of litigation, a defendant (as here) cannot simply state that factual recitations are "false" in order to lay the requisite and significant groundwork for the imposition of Rule 11 sanctions.

Continuing, you suggest that I – and my husband, a non-party to these proceedings – seek to "secure the recusal" of Hons. Fernandez, Scannicchio, Ahern and Yu. Without going into detail, I will simply note that Hon. Fernandez recused herself almost two months prior to my filing of the FAC. To the extent Hon. Ahern was co-adjudicating the matter from the confines of Hon. Fernandez's courtroom, he was also removed pursuant to Hon. Fernandez's order of recusal. As to Hon. Scannicchio, she serves in a purely administrative capacity – indeed I do not believe the presiding judge of the Domestic Relations Division can be forced to recuse herself. Notwithstanding that you do not have standing to contest my claims directed at *other defendants*, you are dead wrong about the claims directed at these judicial defendants.

Regarding the claims against Hon. Yu

As to Hon. Yu, my claims are substantial and serious: under his stewardship, your clients have been allowed to shapeshift the upcoming trial (for which no pleadings against me have been filed) in the underlying family court matter into a criminal contempt proceeding (as described explicitly by Enrico J. Mirabelli on a recent court date in February 2025 before Hon. Yu). Criminal charges must be brought by a prosecutor appointed by the state – not by attorneys from Beermann LLP. Outrageously, Hon. Yu seems to rubber stamp every whim and fancy of your clients. I am not going to allow Hon. Yu to eviscerate my Sixth Amendment rights – end of story.

A Lesson about Litigation Privilege

Next up, you suggest that your clients are fully insulated under the litigation privilege. Let me be clear: the litigation privilege does not apply to all misconduct that occurs during judicial proceedings. To be protected, a statement or conduct must be related to the judicial proceedings in which it is made or occurs. According to the Restatement (Second) of Torts, it must have "some" relation to the proceeding (RESTATEMENT (SECOND) OF TORTS § 587).

In determining if statements or conduct are entitled to protection under the litigation privilege, courts examine their purpose along with the method used to achieve that goal (T. Leigh Anenson, Absolute Immunity from Civil Liability: Lessons for Litigation Lawyers, 31 PEPP. L. REV. (2004) at 935). There is no protection for "use of legal process in an improper manner or primarily to accomplish a purpose for which it was not designed" (Oran F. Whiting, Litigation Privilege Immunizes Lawyers from Fraud Actions, ABA (Aug. 8, 2013).

Absolute immunity does not protect lawyers "against claims alleging the pursuit of litigation for the unlawful, ulterior purpose of inflicting injury on the plaintiff and enriching themselves and their client, despite knowledge that their client's claim lacked merit" (Whiting, *supra*.)

Notwithstanding that the laundry list of grievances against your clients is far longer than you intimate at p. 4 of your letter, what I have alleged against Attorneys Mirabelli and Elster is precisely that that have assaulted me with their offensive litigation tactics in the underlying family court matter for the past two years without ever having properly actioned me with a pleading in that matter (FAC at ¶224). The sole purpose has been to intimidate me and to pressure my husband to settle for an extortionate payment of "legal fees".

The Sham Proceedings in the Family Court

On the other side of the coin, Beermann LLP's client in the family court matter – child rapist Jane F. Girard – has been divested of her right to seek a remedy in the Domestic Relations Division. Beermann LLP was well aware of multiple inquiries by law enforcement into the long-running pattern of physical and sexual abuse of the minor children Gw and Gr as early as April 2023, wherein Gw and Gr met with DCFS and disclosed all of the abuse perpetrated against them by Jane F. Girard, and in the following month Jane F. Girard participated in multiple meetings with DCFS and her attorneys from Beermann LLP.

Subsequently, when Gw and Gr reported the continuing sexual abuse and rapes perpetrated against them by Jane F. Girard to the Village of Glencoe police department on July 22 2023, Prosecutor and Assistant State's Attorney Mary Stein called Jane F. Girard for an interrogation. Thereupon, Jane F. Girard asserted her Fifth Amendment right against self-incrimination via her newly hired criminal counsel Jennifer Hansen Esq on September 7 2023 – whereupon from a civil point of view from that point forward she was an admitted child sex offender and rapist.

Beermann LLP was well-apprised of Ms. Girard's Fifth Amendment invocation because they steered Ms. Girard to hire criminal counsel and additionally, upon information and belief, arranged for Kathryn Ciesla Esq – a well known "fixer" from the North Shore – to pay off Detective Ryan McEnerney from the Village of Glencoe to deem his criminal investigation of Ms. Girard as "unfounded". This topic is explored in much more detail under Girard et al. v. Village of Glencoe et al., Civil Action No. 1:24-cv-06882 ("Bribery Lawsuit") under the operative pleading contained under Dkt[73] which matter has been pending before District Judge Rebecca Pallmeyer since August 2024.

As such, from September 7 2023, Beermann LLP knew their client was, from a civil point of view, an admitted child sex offender and rapist. As a result, given their voluminous experience in family court and their intimate familiarity with the law, Beermann LLP and its attorneys were

exquisitely aware that Jane F. Girard had been divested of her right to seek a custody remedy or to challenge parenting allocation in the Domestic Relations Division. However, because Beermann LLP prioritizes firm revenues over ethics and adherence to a basic moral compass, the law firm hid their client's Fifth Amendment invocation before Prosecutor Mary Stein from the Domestic Relations Court and from Petitioner in order to guard against the possibility that a judge would rightly bring those proceedings to an end.

Under the force and effect of RULE 1.16: DECLINING OR TERMINATING REPRESENTATION (a), a lawyer shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law. Indeed, Beermann LLP had an ethical obligation to terminate their representation of Jane F. Girard after her Fifth Amendment invocation on September 7 2023 because the continuing of the representation required that they breach their duty of candor to the court by HIDING the fact of Jane F. Girard's newly changed status as civilly guilty of child sex abuse and rape and thereby ineligible to continue in her quest to ply the equitable powers of the Domestic Relations Court in pursuit of a court order of custody as to the minor children.

As with many deception schemes, multiple rules and ethical principles end up getting violated. In addition to the above breach, Beermann LLP also stands in violation of RULE 3.1: MERITORIOUS CLAIMS AND CONTENTIONS A lawyer shall not bring or defend a proceeding… unless there is a basis in law and fact for doing so that is not frivolous. Petitioner's Motion to Disqualify Beermann LLP 3 Here again, Beermann LLP was well aware that their client had been divested of her right to seek a custody remedy (or a modification or enforcement of a parenting agreement) because she was an admitted child sex abuser and rapist. Indeed a criminal of Jane F. Girard's status wants for incarceration, lifetime registration as a sex offender and permanent 24/7 GPS monitoring and enforcement of compliance with a radius of protection as to the minor children (and indeed all minor children).

Beermann LLP's repeated and continuing mis-deeds and pervasive disregardment of the ethical rules (and even criminal laws) portend a deleterious impact on the fair administration of justice under these proceedings – and an unfair result for all involved, including myself.

<u>Your Letter Improperly Seeks to Litigate a Motion to Dismiss</u>

Finally, you seek to test the waters under various theories of dismissal in the tail of your verbose missive. This is improper, and I will not be pressured to litigate my legitimate claims against your clients outside of the proper channels. And I will certainly not give you an unfair preview of my opposition to your forthcoming motion to dismiss.

Conclusion

The case law in the Seventh Circuit is very clear: Rule 11 sanctions are not appropriate against the pleadings of a pro se litigant who has not been previously warned by the court as to the realistic prospect of imposition of sanctions for her pleadings. Above and beyond such contextual requirements, per the foregoing analysis, I fully stand by my operative pleading and the joinder of the Beermann LLP defendants.

I am not swayed by your bullying tactics. The FAC stands and I look forward to vigorously litigating my claims against your clients and the other defendants.

Sincere Regards,


/s/ Marissa Girard