IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISSA A. GIRARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-136 |
| JUDGE ROSSANA P. FERNANDEZ, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT JANE GIRARD'S REPLY IN FURTHER SUPPORT OF HER MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1) AND 12(b)(6)**

Jane,[1] through her attorneys of record, Kaplan & Gournis, P.C., for her reply in further support of her Motion, states:

**ARGUMENT**

At bottom, Plaintiff's Complaint fails because she is asking this court to supervise the pending Domestic Relations Case and pass judgment on the actions of Jane, Beermann, and the Judges in the Domestic Relations Case. Of course, this is something that the court cannot do. The court should dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, alternatively, for failure to state a claim pursuant to Rule 12(b)(6).

**I.    The Domestic Relations Exception to Jurisdiction Bars the Complaint**

The domestic relations exception to jurisdiction denies federal jurisdiction to exercise powers characteristic of a domestic relations court. *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006). Plaintiff's claims against Jane are squarely premised on the ongoing (in-court) Domestic Relations Case, and her alleged qualms with those proceedings. Indeed, Plaintiff argues that "the domestic relations 'claims' in the state court proceeding are null and void."

---

[1] Unless otherwise indicated, the defined terms from the Motion are used in this reply brief without re-defining them in this brief.

(Resp., p. 3.) Plaintiff is inappropriately seeking for this court to adjudicate the actions of the Judges, Beermann, and Jane before this court and find that the claims in the Domestic Relations Case are "null and void." This court cannot function as a reviewing court for the ongoing Domestic Relations Case. Plaintiff's issues/claims in the Domestic Relations Case—including any alleged "null and void" claims—must be litigated in that case. As a result, the court should dismiss this matter with prejudice.

## II. *Rooker-Feldman* Bars This Suit

*Rooker-Feldman* applies to federal claims that "directly" challenge a state court judgment or are "inextricably intertwined with one." *Hadzi-Tanovic v. Johnson*, 62 F. 4th 394, 399 (7th Cir. 2023).

Strangely, Plaintiff cites the district court decision in *Hadzi-Tanovic v. Johnson*, No. 20-3460 (N.D. Ill. Nov. 24, 2021), as support for her argument that *Rooker-Feldman* is inapplicable because she has alleged corruption/conspiracy. Plaintiff buries the lede in a footnote: on appeal of the *Hadzi-Tanovic* case, the Seventh Circuit overruled every decision applying a "corruption exception" to *Rooker-Feldman*. 62 F. 4th at 406-08.

As a result, Plaintiff's framing of her Complaint under the so-called (now overruled) corruption exception to *Rooker-Feldman* fails. Plaintiff's Complaint questioning the propriety of various orders and actions in the ongoing Domestic Relations Case also necessarily fails. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020)(*Rooker-Feldman* barred suit where "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"). The court should dismiss the Complaint under the *Rooker-Feldman* doctrine.

## III. The Court Should Abstain From Hearing This Case Under *Younger*

The *Younger* abstention doctrine "directs federal courts to abstain from exercising

2

jurisdiction over federal claims that seek to interfere with pending state proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). In analyzing whether *Younger* abstention is proper, a court should consider whether the state proceeding is ongoing, involves important state interest, and provides an adequate opportunity to raise constitutional challenges. *Id.*

With her Complaint, Plaintiff is asking this court to interfere in the Domestic Relations Case. The Domestic Relations Case is ongoing, involves an important state interest domestic relations/child custody, and Plaintiff is free to raise any constitutional challenges in the pending Domestic Relations Case. *Younger* requires that this court abstain from hearing this matter.

### IV. The Court Should Decline Jurisdiction Under General Abstention Principles

A federal court should decline to exercise jurisdiction "where doing so would intrude upon the independence of the state courts and their ability to resolve cases before them." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678-80 (7th Cir. 2010); *see Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018); *see Woodard*, 997 F.3d at 723 (noting "serious federalism infringement" in allowing a plaintiff to pursue claims while the state court divorce matter was pending.)

This court cannot interfere with and disrupt the Domestic Relations Case while it is still pending. The court should abstain from hearing this matter under general abstention principles.

For all these reasons, the court lacks subject matter jurisdiction over this matter and Plaintiff's Complaint should be dismissed with prejudice.

### V. Plaintiff's Complaint Does not Pass Rule 8 Muster

A complaint should be dismissed as unintelligible where the complaint consists of a narrative that is prolix, digressive, and full of irrelevant details. *Amachree v. Garland*, 2023 WL 3033493, *1 (7th Cir. Apr. 21, 2023).

The Complaint fails the Rule 8(a) test because the incoherent, rambling voluminous Complaint is a stream-of-consciousness narrative, it is full of irrelevant/untrue details, the Complaint contains a plethora of inappropriate and irrelevant footnotes, Plaintiff alleges various legal conclusions without the benefit of any alleged facts to support the claims, and the Complaint is brimming with unnecessary and salacious personal attacks on all of the Defendants, including Jane. Plaintiff's Complaint should be dismissed as unintelligible.

### VI.     Plaintiff has not Pled a Plausible § 1983 Abuse of Process Claim

Plaintiff concedes in her response that she does not cannot plead a claim for abuse of process under § 1983 against Jane. As a result, the court should dismiss this claim with prejudice.

Plaintiff argues that she meant to plead a state law abuse of process claim against Jane. However, Plaintiff utterly fails to plead a state law abuse of process claim because Plaintiff does not plead that Jane (or her attorneys at Beermann) used the Domestic Relations Case to accomplish some ends that are "beyond the purview of the process" of the Domestic Relations Case. *Brian J. Wanca v. Oppenheim*, 2023 IL App (1st) 220273, ¶¶ 57-58; *Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 875-76 (1st Dist. 2005).

### VII.     Plaintiff has not Pled a Plausible Negligence Claim

Plaintiff is attempting to plead a negligence claim against Jane. As with Plaintiff's abuse of process claim, Plaintiff's negligence count also fails to state a claim against Jane because the claim is entirely conclusory and not supported by any facts. The court should dismiss Plaintiff's negligence count with prejudice as it is clear that Plaintiff—one of Jane's adversaries in the Domestic Relations Case—cannot state a claim against Jane for Jane's actions in that case.

WHEREFORE, Defendant Jane Girard respectfully requests that this Honorable Court dismiss Plaintiff Marissa Girard's Complaint with prejudice and any other such further relief as this Honorable Court deems just and appropriate.

                                              Respectfully Submitted,

                                              JANE GIRARD,

May 27, 2025                             /s/ Chris S. Wunder
                                              Chris S. Wunder (cwunder@kpglaw.com)
                                              Eric D. Kaplan (ekaplan@kpglaw.com)
                                              KAPLAN & GOURNIS, P.C.
                                              One South Wacker Drive
                                              Suite 2400
                                              Chicago, Illinois 60606
                                              Phone: (312) 726-0531
                                              Fax:   (312) 726-4928

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

                                                        /s/ Chris S. Wunder