## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARISSA GIRARD,

                Plaintiff,

     vs.

JUDGE ROSSANA P. FERNANDEZ, et al.,

                Defendants.

No. 2025-CV-00136

Hon. Andrea R. Wood
Judge Presiding

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, ELENA S. DEMOS, VINCENT D. WALLER, EBONY CHEERS, and ADAM P. MONREAL, by and through their attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through her assistant, Silvia Mercado Masters, and pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), and for their reply in support of their motion dismiss Plaintiff's Amended Complaint ("Complaint") state as follows:

## ARGUMENT

### A. There is no individual liability under Title II of the ADA or Rehabilitation Act.

Plaintiff does not dispute that neither the ADA nor the Rehabilitation Act allow for claims to be brought against individuals in their personal capacities. Dkt. 31, at 18, *and see Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015). Therefore, defendants Demos, Waller, Cheers, and Monreal (collectively, the "County Defendants") should be dismissed from this action, with prejudice.

### B. The *Rooker-Feldman* doctrine and principles of comity bar Plaintiff's claims.

Even if the County Defendants were properly named in this action, this Court lacks subject-matter jurisdiction over Plaintiff's ADA and Rehabilitation Act claims based on the

*Rooker-Feldman* doctrine. The doctrine is applicable here because Plaintiff's ADA and Rehabilitation Act claims arise directly from the state court Order directing the future hearing to be held in-person. Where a plaintiff's claims are inextricably intertwined such that there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment," then the doctrine applies. *Sykes v. Cook Cnty. Circuit Court Probate Div.*, 837 F.3d 736, 742 (7th Cir. 2016). In *Sykes*, the Seventh Circuit held the *Rooker-Feldman* doctrine barred plaintiff's ADA claim arising from a state court order barring her service animal from the courtroom since "to provide any relief in response to the harm stemming from [the Judge's] acts, her court order banning [the service dog] would need to be set aside." *Id.* at 743. The instant case is on all fours with *Sykes* as Plaintiff can get no relief from the County Defendants without overturning the state court Order, and "*Rooker-Feldman* does not permit such an outcome." *Id.*

Plaintiff's reliance on *Hadzi-Tanovic* is misplaced as that opinion supports the County Defendants' arguments. While the district court found the *Rooker-Feldman* doctrine did not apply and based its dismissal of the complaint on general principles of abstention, the Seventh Circuit affirmed dismissal on the basis of *Rooker-Feldman* alone, finding that the doctrine barred the federal court from hearing plaintiff's claims. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399, 401 (7th Cir. 2023). Where the "plaintiff's injury is 'effectuated' by the state court judgment, the *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction." *Id.* at 401, *citing Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). Plaintiff's attempt to re-characterize her complaint as one alleging corruption, Dkt. 31 at 4, falls flat as no allegations of corruption are made against the County Defendants. Plaintiff's claims plainly ask the district court to overturn the Order entered in the state court and are therefore barred by *Rooker-Feldman*.

Even if *Rooker-Feldman* were not a perfect fit, basic principles of "comity, equality, and federalism" should persuade this court to decline to exercise jurisdiction over the ADA and Rehabilitation Act claims. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Plaintiff argues that the adjudication of her claims would not impact the family court proceedings pending in state court, Dkt. 31 at 4, but that is simply not true of her ADA and Rehabilitation Act claims. If the district court were to order that all future state court proceedings must be conducted via Zoom, that would necessarily preclude any state court Judge assigned to the case from controlling conduct in their own courtroom. Judges have "wide latitude to control courtroom atmosphere and unruly defendants." *United States v. Mannie*, 509 F.3d 851, 857 (7th Cir. 2007). Where exercising jurisdiction would intrude upon the independence of the state courts and their ability to resolve the cases before them, a federal court "may, and often must, decline to exercise its jurisdiction." *Woodard*, 997 F.3d at 722, *citing SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7ᵗʰ Cir. 2010).

### C.  Plaintiff fails to state a plausible claim against the County Defendants.

Even if this Court does have subject-matter jurisdiction, the Complaint should be dismissed for failure to state a claim against the County Defendants. First, the Complaint fails to allege any wrongdoing attributable to the County Defendants that would support Plaintiff's claims. As to Mr. Monreal, who has no connection to the underlying probate case or to Plaintiff's request for ADA accommodation, Plaintiff essentially concedes that she needs discovery to identify his role. Dkt. 31, at 11. But in order to survive a motion to dismiss, Plaintiff must "plead some facts that suggest a right to relief that is beyond the speculative level." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) *citing In re marchFIRST Inc*., 589 F.3d 901, 905 (7th Cir. 2009). The Complaint fails to do so thus the County Defendants should be dismissed.

Second, any conduct the County Defendants may have taken in connection with the underlying probate matter should be deemed quasi-judicial in nature and thus they are immune from liability. Plaintiff's argument that quasi-judicial immunity is not available to the County Defendants because Judge Fernandez "divested herself of all jurisdiction under the state court proceedings on October 18, 2024" is a non-starter. Dkt. 31, at 11. Plaintiff's claims against the County Defendants arise from Judge Fernandez's Order dated September 5, 2024 in which she ordered the subsequent hearing to be held in-person and Plaintiff alleges she was not admitted to Judge Fernandez's Zoom courtroom on October 18, 2024. Dkt. 15, ¶61. At all relevant times, Judge Fernandez was presiding over her own courtroom, exercising her discretion, and the parties were dealing with Judge Fernandez as a Judge rather than as a private citizen, all factors which govern the determination of whether an action is entitled to judicial immunity. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).

In *Kowalski v. Boliker*, cited by Plaintiff in her Response and clearly distinguishable here, the Seventh Circuit found that Judge Boliker acted in the clear absence of jurisdiction where she inserted herself into a case proceeding before another judge. 893 F.3d. 987, 997 (7th Cir. 2018). Significantly, the Court "assume[d] that [Judge Boliker] may have immunity in cases arising out of security measures she took in her own court or in connection with one of her own cases," but that immunity did not extend where she had no authority to control a colleague's case. *Id.* The Court went on to distinguish the case before it from *Dellenbach v. Letsinger*, 889 F.2d 755, 757, 760 (7th Cir. 1989) where judicial immunity was afforded to a judge who no longer had jurisdiction over a case on appeal, since the judge "at least *had* jurisdiction and could reasonably believe that he retained some control over the case." *Kowalski*, 893 F.3d at 998 (emphasis in original). Even if Judge Fernandez divested herself of jurisdiction over the underlying matter at some point, judicial

immunity should still be afforded to Judge Fernandez's actions ordering proceedings before her to be conducted in person and would therefore extend to the County Defendants as non-judicial officials acting at the Judge's behest or direction.

Finally, since Plaintiff's federal claims against the County Defendants fail, this Court should decline to exercise supplemental jurisdiction over her state-law negligence claims. *See* 28 U.S.C. §1367. In the alternative, Plaintiff fails to allege that the County Defendants owe her a duty of care, thus her negligence claim is ripe for dismissal.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein and in their Motion to Dismiss, defendants Elena Demos, Vincent Waller, Ebony Cheers, and Adam Monreal respectfully request that this Honorable Court dismiss Plaintiff's First Amended Complaint with prejudice and award any further relief that this Court deems fair and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: /s/ *Silvia Mercado Masters*
Silvia Mercado Masters
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7795
silvia.mercadomasters@cookcountysao.org

**CERTIFICATE OF SERVICE**

I, Silvia Mercado Masters, an attorney, certify that on May 27, 2025 I caused the foregoing Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint to be electronically filed via the Court's CM/ECF system and thereby served on Plaintiff and all counsel of record.

/s/ *Silvia Mercado Masters*
Silvia Mercado Masters
Assistant State's Attorney
Cook County State's Attorney's Office