## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARISSA A. GIRARD, | ) | |
|  | ) | No. 1:25-cv-00136 |
| Plaintiff, | ) | |
|  | ) | Judge Andrea R. Wood |
| v. | ) | |
|  | ) | Magistrate Judge Maria Valdez |
| JUDGE ROSSANA P. FERNANDEZ, *et.al.*, | ) | |
|  | ) | |
|  | ) | |
| Defendants. | ) | |

**JUDICIAL DEFENDANTS'**
**RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendants Judge Rossana P. Fernandez, Judge Regina A. Scannicchio, Judge Gregory E. Ahern, and Judge William Yu ("Judicial Defendants"), by their attorney, Kwame Raoul, Attorney General of Illinois, in reply in support of their motion to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) state as follows:

**INTRODUCTION**

Plaintiff Marissa Girard, a third-party defendant in *In Re the Former Marriage of Kenton and Jane Girard*, has sued the judges who presided over the domestic relations case, claiming that the Judicial Defendants received bribes and violated her constitutional rights. Judicial Defendants moved to dismiss Plaintiff's complaint, arguing that Title II of the ADA and the Rehabilitation Act do not allow for individual liability; and that the *Rooker-Feldman* and *Younger* doctrines, judicial immunity, and principles of federalism and comity all preclude Plaintiff's claims. In response, Plaintiff concedes that Title II of the ADA and the Rehabilitation Act do not allow for individual liability but argues that *Rooker-Feldman*, *Younger* and all other abstention principles are

1

inapplicable in this case. She further argues that Judicial Defendants are not entitled to judicial immunity as they acted "without jurisdiction." Her arguments fail because they rely on incorrect interpretations of case law and fundamentally misunderstand general legal principles. Her arguments against dismissal also intrude on the independence of state courts and fly in the face of the underlying principles of federalism and comity and the principles of judicial immunity. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## ARGUMENT

**I.**      **There is no individual liability under Title II of the ADA or the Rehabilitation Act.**

Plaintiff does not dispute Defendants' joint argument that Title II of the ADA and the Rehabilitation Act do not allow for individual liability. ECF No. 31, 18. Accordingly, Counts III and IV must be dismissed.

**II.**      **The *Rooker-Feldman* and *Younger* Doctrine Bar Plaintiff's Claims Against Judicial Defendants.**

In their opening brief, Judicial Defendants explained that the *Rooker-Feldman* and *Younger* doctrines bar Plaintiff's claims against them because Plaintiff is essentially asking this Court to review state court rulings in an ongoing state court case. ECF No. 29 at 3. In response, Plaintiff argues that *Younger* only applies in criminal cases, and that *Rooker-Feldman* does not apply because the orders entered in the underlying domestic relations case were extra-judicial orders. ECF No. 31 at. 6. However, both of these arguments fail. Plaintiff's claims arise in direct challenge to the state court order entered in Plaintiff's ongoing domestic relations case. Plaintiff challenges the "refusal to admit Plaintiff to the October 18, 2024, proceeding" (ECF No. 15 ¶¶ 248, 253) and setting a trial date of May 1-2, 2025 (ECF No. 15 ¶¶ 265, 272). The *Rooker-Feldman* and *Younger* doctrines prohibit review of these decisions from an ongoing state-court case in federal court.

2

Plaintiff also misapplies *Hadzi-Tanovic v. Johnson,* 62 F.4th 394 (7th Cir. 2023). In that case, the district court found *Rooker-Feldman* did not apply but dismissed plaintiff's complaint citing general principles of abstention. *Id* at 396. However, the Appellate Court found *Rooker-Feldman* was applicable because the plaintiff's injury was effectuated by the state court judgment. *Id.* at 408 . Thus, *Hadzi-Tanovic* supports the application of *Rooker-Feldman* in this case, where Plaintiff's injury is likewise effectuated by the state court's judgment.

*Rooker-Feldman* prohibits lower federal courts from exercising jurisdiction over cases challenging state court judgments rendered before commencement of district court proceedings. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). When the *Rooker–Feldman* doctrine applies, dismissal for lack of subject-matter jurisdiction is the only proper disposition. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). *Younger* applies when there is a parallel, pending state proceeding and any federal rulings would "implicate a state's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Plaintiff cannot run to federal court to overrule the decisions of a state court judge. Here, Plaintiff and do just that. She is asking this Court to review state court rulings. Both *Rooker-Feldman* and *Younger* preclude Plaintiff from doing so. Accordingly, Plaintiff's claims against Judicial Defendants (Counts I, V, VI, IX, and X) should be dismissed.

## II. This Court should decline to hear Plaintiff's claims against the Judicial Defendants based on principles of federal abstention.

In their opening brief, the Judicial Defendants explained that even if the *Rooker-Feldman* and *Younger* doctrines do not apply, the Court should abstain based on general principles of federalism and comity. ECF No. 29 at 4-5. To begin with, *J.B. v Woodard* specifically recognizes even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection" based on a complaint's allegations "risks a serious federal

infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). In response, Plaintiff argues that it would not be an intrusion on the sovereignty of the state court for this Court to (1) overturn a state court order entered in a case where the state court has jurisdiction, and (2) order a state court judge to conduct hearings via Zoom. ECF No. 31 at 7-8. This is preposterous. To overturn case management orders entered by Judge Fernandez and Judge Yu and micromanage the conduct of the state court proceedings would certainly "intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)).

Abstention is also appropriate here. To do otherwise would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" *J.B.*, 997 F.3d at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679). Plaintiff's claims are directly related to an underlying state court case and deciding Plaintiff's claims in this case would necessarily require this Court to review those judgments, implicating principles of federalism and comity. Accordingly, this Court should abstain from hearing Plaintiff's claims against the Judicial Defendants and Counts I, V, VI IX, and X should be dismissed.

## III. Plaintiff's Argument Against Judicial Immunity Fails.

Finally, the Judicial Defendants explained that they are entitled to absolute judicial immunity. ECF No. 29 at 6. In response, Plaintiff does not dispute that the alleged actions of the Judicial Defendants in Plaintiff's domestic relations case (*i.e.*, rulings in that case) are indisputably "judicial in nature." *See, e.g.*, *Brokaw v. Mercer*, 235 F.3d 1000 (7th Cir. 2000); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (rulings in divorce proceedings are judicial acts and entitled to judicial immunity). She instead argues that judicial immunity is not applicable here because Judicial Defendants acted without jurisdiction, citing *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th

Cir. 2018). ECF No. 31 at 11. However, it is undisputed that Plaintiff is challenging the rulings by Judicial Defendants entered in Plaintiff's domestic relations case. ECF No 15 ¶¶ 57, 113, 125, 158-160, 172, 178, 186, 187, 215, 222, 234- 237, 253, 267. Each of the Judicial Defendants were assigned to Plaintiff's case when they entered orders making Plaintiff's reliance on *Kowalski* misplaced.

In *Kowalski*, the plaintiff alleged that Judge Boliker acted outside her judicial capacity and negatively influenced his divorce proceedings pending before Judge Dickler when Judge Boliker labeled Plaintiff a security threat. *Kowalski*, 893 F.3d at 998. The district court dismissed Kowalski's suit based on judicial immunity for the judges; the Appellate Court affirmed but found Judge Boliker was not entitled to judicial immunity. *Id.* The Appellate Court found Judge Boliker was not entitled to judicial immunity because of "her interference in a case to which she was never assigned and over which she had no responsibility. *Id.* The court went on to explain that "Judge Boliker cannot assert judicial immunity over matters so far removed from matters under her jurisdiction." *Id. Kowalski* is clearly distinguishable from the case at bar. Here, Plaintiff's case was assigned to each of the judicial defendants at the time they entered orders in his case. Plaintiff therefore cannot credibly argue that Judicial Defendants acted without jurisdiction. The doctrine of judicial immunity applies in exactly these cases and bars this suit against Judicial Defendants.

As previously stated, Judicial Defendants vehemently deny Plaintiff's allegations that they accepted bribes (ECF No. 15 ¶11, 179, 193, 201, 240, 251), conspired to accept bribes, or committed fraud upon the court by entering orders that Plaintiff believes violated Illinois law. But even if Plaintiff's conclusory allegations had any merit, which they do not, such allegations cannot defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging bribery); *see also Nesses v. Shepard*, 68 F.3d 1003,

5

1006 (7th Cir. 1995) (recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat). Accordingly, Counts I, II,V, VI, and VIII, are barred by judicial immunity and must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims against Judicial Defendants (Counts I, II, V, VI, VIII) with prejudice.

Respectfully submitted,

KWAME RAOUL

Attorney General of Illinois

By: */s/ Michael J. Bradtke*

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov
*Counsel for Judicial Defendants*