

FILED
2/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Marissa Girard, | ) | |
| Plaintiff, | ) | Civil No. 1:25-cv-00136 |
| v. | ) | District Judge Andrea Wood |
| Rossana P. Fernandez et al., | ) | |
| Defendants. | ) | |

**NOTICE OF POST-REMOVAL PROCEEDINGS IN STATE COURT**

Plaintiff respectfully submits this Notice to inform the Court of events that occurred in the underlying state-court custody matter **after its removal to federal court on February 3, 2026**. This filing seeks no affirmative relief and is intended solely to ensure the federal record accurately reflects post-removal activity.

I.     The state proceeding was removed to federal court on February 3, 2026.

On February 3, 2026, Plaintiff filed a Notice of Removal of the state-court custody proceedings (Cook County Case No. 2015-D-009633) pursuant to **28 U.S.C. §§ 1441 and 1443(1)**. Plaintiff provided written notice to all parties and filed a copy with the state court on the same date.

The matter was initially docketed in the Southern District of Illinois. On February 5, 2026, District Judge J. Phil Gilbert issued a memorandum opinion concluding that:

1) The removal was effective as of February 3, 2026, and

2) The case should be transferred to the Northern District of Illinois under 28 U.S.C. § 1406(a) due to venue considerations.

Notably, Judge Gilbert did not terminate the case; he transferred it. The matter is now pending under Civil No. 1:26-cv-1399 in the Northern District of Illinois.

II.      State court proceedings were conducted after removal.

Despite receiving the Notice of Removal, several attorneys for Defendant Jane F. Girard communicated on February 4, 2026 that they intended to proceed with a previously scheduled trial before Associate Judge William Yu in the Circuit Court of Cook County.

Later that day, Judge Yu conducted proceedings and issued an oral ruling characterizing the Notice of Removal as a "nullity." Trial sessions were held on February 4–6, 2026.

Plaintiff notes that 28 U.S.C. § 1446(d) provides that once notice of removal is filed and served, "the State court shall proceed no further unless and until the case is remanded." The Seventh Circuit has emphasized this jurisdictional limitation. *See Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014).

Plaintiff further notes that on February 6 2026, counsel for Defendant Jane Girard inadvertently sent Plaintiff internal trial-preparation notes (**Exhibit 1**). Plaintiff believes these materials reflect coordinated planning and efforts to conduct state-court proceedings notwithstanding the removal. These documents are referenced solely to ensure the federal record reflects the circumstances surrounding the post-removal hearings.

As of the date of this Notice, Plaintiff has not been served with any written orders issued by Judge Yu following the February 4–6 proceedings.

III.      Prior abstention ruling in a related matter is relevant at this time.

In *Girard v. Village of Glencoe et al.*, Civil No. 1:24-cv-06882, District Judge Pallmeyer dismissed certain claims without prejudice under abstention doctrines while the custody proceedings remained pending. Her memorandum opinion dated August 12 2025 expressly

contemplated that plaintiffs could refile after the conclusion of those proceedings.

Plaintiff notes that the children who were the subject of the custody matter reached majority age on February 15, 2026, and therefore the underlying custody case is no longer active.

IV.     Plaintiff's health has deteriorated.

Plaintiff suffers from PTSD and interstitial cystitis, both of which are recognized disabilities under the ADA. Plaintiff experienced a significant medical flare following the February 4–6 2026 provocative communications from Jane's legal team regarding the state-court proceedings and is currently experiencing limited mobility and aphasia symptoms.

The Court has scheduled a status conference for February 24, 2026. Plaintiff respectfully informs the Court that she may be unable to attend due to her current medical condition and will monitor the docket for the minute entry.

This Notice is submitted solely to ensure that the federal record accurately reflects events occurring after removal, including the continuation of state-court proceedings and Plaintiff's current medical limitations. Plaintiff does not request specific relief at this time.

**Dated: February 19, 2026**                           Respectfully Submitted,

/s/ Marissa Girard, In Pro Se
965 Forestway Drive
Glencoe, IL 60022
Tel: (773) 425-4393
marissadakis@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on February 19 2026, (b) provided via email to the attorneys who have entered their appearances in this matter per the contact details listed below.

**<u>Electronic Service on Attorneys</u>**

ekaplan@kpglaw.com
    for Defendant Jane F. Girard

Michael.Bradtke@ilag.gov
    for the judicial defendants

Robert.Merlo@wilsonelser.com
    for Defendants Elster and Mirabelli (from Beermann LLP)

silvia.mercadomasters@cookcountysao.org
    for Defendants Demos, Waller, Cheers and Monreal

/s/ Marissa Girard

**EXHIBIT 1**

ORDER – Judge Yu 11:01 am


With respect to the Rule re the videos

    Rule shall issue instanter


Pleadings that are being voluntarily nonsuited for various reasons for mootness

    So ordered


137 fees and 508 (a) or (b) fees Jane Girard granted leave to file her pleading within 30 days


Any other petition – in closing – including the petitions filed by the other parties not present here – will let you proceed to argument


Then subsequent oral finding also a written court order


\*\*\*


EJM Closing:


I know you paid attention


On behalf of Jane Girard and her family we thank you for the prejudicial conduct

    Contumnly course of conduct – unparalleled and unprecedented


    Attacks on judiciary, our firm, myself, my partners

Despite every attempt to delay

Despite opposing parties' efforts they never entered into  the battle

Despite the fact that they never appeared there is AMPLE EVIDENCE

Important thing is to make CREDIBILITY findings

Start with J Hansen

To debunk the fabricated statement that Jane took the 5th amendment

They went and named a date, and a person

You're not limited to the testimony = can take judicial notice of other pleadings, federal court, law division

I don't know who mary stein is

Never took the 5th amendment

Jennifer testified that the refused to sit for an interview DCFS investigators

Children wanted to be heard BUT

Didn't

Could've talked to Judge Goldfarb

There is an Order allowing the in camera

Started with Jennifer, she was credible

If testimony is inherently credible

Jane Girard

    Asking to make a finding:

        Compassionate mother

        Put through the mill

        Harassed intimidated abused defamed by K, G, AND the children

    Credibly testified

    K, M -  never showed up to ask Jane any

    Asking to find Jane to go above and beyond

    Hard to fathom except as Dr. Amabile said:

        Can't underestimate the love of a mother for her children

All because K and M are on a crusade

Dr. Amabile

    Sum up in 3 words – she gets it

    She knows what's going on

    Gave a road map of what happened in this case

    Was a great relationship

She knew something happened in 2021

        K, M, the girls – all treated her differently


Kenton had the ability to control the children, no right to abdicate his role as the parents

        Parents cannot hide behind their children

        Kenton had 2 parallel defenses – I support them and I can't make them

            Convenient for him

        Long seated history – Kenton has never forgiven his ex wife

            He was "winning," used and weaponized the children in horrific ways


Make a finding that Dr. Amabile is credible, her report is not stale, everything she said in report is still happening

        She found Kenton to be delusional

        Has no respect for the truth

        He's a bully, intimidates,

            Horrific role modeling for the children

        He never sat the children

Willful and contumnacious actions – he DID NOT to follow, he did everything

Make a finding of credibility as to Marissa, Kenton and children

You've read their sworn statements, other matters

Twice you've set this trial, delayed the case to run the clock until you finally said enough is enough

Notice of Removal – legal nullity

Not a pleading not a motion wasn't timely filed

You had the fortitude to let this go forward

We all have to stand up to the bully

Both Kenton and Marissa are the bully

Marissa filed a pleading that she believes EJM and Kenton have a "side agreement"

Does that sound "credible" to you?

Beyond bizarre, it's incredible

Direct you to 2 Petitions for Continuing Abuse of Parenting Time

Last day of parenting time

Math – start 9/1/22 – 1251 days have elapsed

Jane had 50% of the time

Law is clear if parties have an agreement and abide by it – schedule becomes binding

Jane has lost 625 days of parenting time

Kenton and Marissa knowingly eliminated Jane from the children's lives to make her "give up"

Jane NEVER gave up

Section 607.5 – stated basis for relief

Preponderance of the evidence

Ct shall issue – one remedy is (7) – imposition of a fine per incident

625 denied parenting time

Is it best interests?  It affects the entire system.

Presumption

Will help OTHER children send a message to K and M

Based upon the evidence – can you ever make a finding that Jane is a "rapist"

These children had a motive – independence

Tampon assault morphed until it got an incredible

Girls don't tell each other for a year each

K and M haven't protected the children, they've sabotaged the children

Asking you to make a specific – NO credible of rape, sexual abuse

    Those findings are important

Suggest a fine of $250 to $500 per day

    Cumulate $156,250 on the low end of $312,500 on the high end

    Fine is to punish

This fine will punish the Girards and the system

Section (d) to 607.5

    Court SHALL order … to pay the aggrieved party their reasonable attys fees and costs

        We will file a petition under 607.5(d), SC Rule 137 and 508(a) and 508(b)

## Solely against Kenton

August 1 , 2023 Court Order

Find Marissa and Kenton both in contempt

    Against both parties

Dr. Amabile had a number of text messages

Found that Marissa acted in concert with Kenton

She overstepped her boundaries and we brought her in rightfully so

Marissa is as contemptuous as Kenton

Jane's Motion to Modify the Parenting Agreement

Kenton is NOT a fit and proper person for decision making and doesn't act in the children's best interests

This petition could have and would have been granted if not for the shenanigans of K and M

Asking you to grant my client that she is the person who makes sole decisions

Not a pyrrhic victory and may not be able to enforce it

Ask on the 2 petitions of Kenton's – asking to deny WITH PREJUDICE

Find no evidence in the record

We will submit proposed Findings of Fact and Conclusions of Law today

The purge – remove all posts

**

When is the date of emancipation – 2/15/26

"my daughter's bday"

Allow us to frame out proposed and detail what is still open and what is closed out

I'm inclined to tie the findings related to Kenton or Marissa in this order so it's in 1 complete order

Get it over asap

I am going to add my own findings